THE STATE *ex rel.* A. G. W. PUCKETT *v.* R. C. McKEE *et al.*

COUNTY JUDGE. *Salary.* A county judge is an inferior judge within the meaning of the Constitution so far as he is clothed with judicial power, and his salary can neither be increased nor diminished during the time for which he is elected, but he is also the accounting officer and general agent of the county, and compensation may be made him therefor under the authority vested in the quarterly court by statute, and their judgment when exercised cannot be controlled by any other tribunal.

FROM HAMILTON.

Appeal in error from the Circuit Court of Hamilton county. R. M. BARTON, Sp. J.

KEY & RICHMOND and DODSON & MOON for Puckett.

M. H. CLIFT for KcKee.

COOPER, J., delivered the opinion of the court.

The relator Puckett was county judge of Hamilton county from September, 1870, to September, 1878. He was elected, commissioned and qualified as other judges: ·Rev. Code, sec. 316 *c.* The office was clothed with all the judicial powers of the county court, and the incumbent was also made the accounting officer and general agent of the county: *Id.,* sub-sec. 8. By the 9th sub-section of the Revised Code, sec. 316 *c,* it is provided that the county judge shall receive the

sum of five hundred dollars per annum for his ser-
vices, and that the quarterly court of the county is
"authorized to make additional compensation to the
county judge, if they shall think it necessary, by ap-
propriation for that purpose, to such an amount as
said quarterly court may deem right," the compensa-
tion to be paid quarterly out of the county treasury
upon his own warrant. At its April term, 1871, the
quarterly court made the following order: "Ordered,
that, in addition to the sum fixed by law as a salary
for A. G. W. Puckett, judge, &c., the further sum
of five hundred dollars be allowed the judge for his
services as county judge, &c." At the April term
of the quarterly court for each of the five following
years, an order was made allowing the judge the ad-
ditional sum of $500 for his services. For the next
two years the court, upon a motion made for the
purpose, refused to make any additional allowance.
After the expiration of his term of office, Puckett
filed his petition against his successor in office and
the justices of the county court for a peremptory
mandamus, first to compel the present county judge
to issue to him a warrant for $500 for each of the
last two years of the relator's term of office upon the
ground that this sum had been fixed as the additional
allowance, authorized by the statute, during his whole
term by the order of the April term, 1871; and,
secondly, if mistaken in this, to compel the quarterly
court now to make him the allowance to which he
may show himself entitled. On the trial, he intro-
duced testimony to show that his services were rea-

sonably worth an additional allowance of $500 per annum for the last two years of his term. The case was tried by the judge without a jury, and the petition dismissed. The relator appealed.

It has not been seriously argued that the petition can be maintained so far as it seeks to compel the justices of the county court now to make the additional allowance claimed. The statute gives the quarterly court authority to make additional compensation to the county judge "if they shall think it necessary," and to such an amount as the court "may deem right." Terms more strongly indicative of an intent to confer a discretionary power it would be difficult to find. Of course, in all matters requiring the exercise of official judgment, or resting in the sound discretion of those to whom a duty is confided, a *mandamus* will not lie either to control the exercise of that discretion, or to determine on the decision which shall be given. All the court can do in a proper case is to compel the defendant to proceed, when he refuses to act at all: *Williams* v. *Saunders*, 5 Cold., 60. In the case before us, the petition does not show that there is pending before the quarterly court any application for the additional allowance upon which they refuse to act, but concerdes, as the proof shows, that the motion to make the allowance was acted on and refused for each of the two years claimed. The court has exercised its discretionary authority adversely to the relator's claim.

The petition rests, therefore, upon that part of it which seeks to compel the present county judge to.

issue his warrant for the sum claimed, upon the ground
that it has already been fixed by the quarterly court,
and that the duty of the defendant is merely ministe-
rial.     The theory upon which this branch of the peti-
tion rests, is that the quarterly court by its order of
the April term, 1871, exhausted its discretionary power,
and in effect settled upon the sum of $500 as an ad-
ditional allowance for each of the succeeding years of
the relator's term of office.     The argument in support
of this view is that the Constitution of the State, art.
6, sec. 7, provides that the judges of the inferior courts
shall, at stated times, receive a compensation for their
services, to be ascertained by law, which shall not be
increased or diminished during the time for which they
are elected; that the relator was an inferior judge
within the meaning of the Constitution; that the ad-
ditional allowance when once fixed related back to the
commencement of the term of office, and could not be
thenceforward increased or diminished during the term.
But the frail link in this chain of reasoning is that
the additional allowance claimed was itself made during
the term of office, and would, therefore, be void un-
der the provision of the Constitution in question.     This
result can hardly be avoided by the fiction of rela-
tion, which, if adopted, would equally apply to any
other increase or diminution during the time for which
a judge is elected, and thereby annul the provision
of the Constitution itself.     Besides, the order does
not say that the allowance shall be for each year of
the term, but is for a given sum "for his (relator's)
services as county judge," and would rather mean, if

it is to be construed as applying to his term of office at all, that it was made for his entire services.

The county judge is, no doubt, an inferior judge within the meaning of the Constitution so far as he is clothed with judicial power, and his salary in that capacity is fixed by the act under which he was elected, and can neither be increased nor diminished during the time for which he is elected: *State* v. *Glenn,* 7 Heis., 472. But he is also, by the express terms of the act creating the office, the "accounting officer and general agent of the county," with onerous ministerial and clerical duties thereto attached. The additional compensation, which the quarterly court is authorized to make, is for these services. The amount of that compensation is left entirely to the discretion of the quarterly court, and their judgment, when exercised, cannot be controlled by any other tribunal.

Affirm the judgment.