R. L. Carothers, Complainant, Appellant, *v.* Giles
County, Defendant, Appellee.

(*Nashville*, December Term, 1930.)

Opinion filed June 10, 1931.

Jones & Wagstaff, for complainant, appellant.

David Rhea, for defendant, appellee.

## On Petition to Rehear.[1]

Mr. Justice McKinney delivered the opinion of the Court.

Chapter 26, Acts 1913, First Extra Session, is not unconstitutional. It is a general law, applicable to every county in the State.

In *Hunter v. Conner*, 152 Tenn., 258, 273, it was said: "Free of constitutional inhibition, the legislature at their discretion may reduce the salary attached to an office, or lessen the fees prescribed for official service, or abolish them."

If the act had fixed the compensation of trustees at 1 per cent of the money collected, its validity could not be questioned. It contemplated just compensation to the trustee but provided a maximum of 1 per cent. This is a special service imposed on the trustee and not a part of his regular duties. The county may not sell any road bonds during his tenure of office. These bond

[1]See opinion reported, ante p. 435.

issues are local in character, and it would be impossible for the legislature to fix with exactness a rate of compensation that would be just in each case, since a determination of that fact would depend upon the amount involved, the labor, trouble, and expense expended by the official.

■ Under practically all of the authorities the legislature has the power to delegate to the courts the ministerial or judicial duty of determining the amount of compensation that would justly remunerate the official for the special service rendered. The principle involved has been approved by this court in several cases.

In *Samuelson* v. *State,* 116 Tenn., 470, 486, it is said: "The true distinction, said the supreme court of Ohio, in *Cincinnati, W. & Z. R. Co.* v. *Clinton Co.,* 1 Ohio St., 88, 'is between the delegation of power to make a law, which necessarily involves a discretion as to what it shall be, and conferring authority or discretion as to its execution to be exercised under and in pursuance of the law. The first cannot be done; to the latter no valid objection can be made.' So, in *Locke's Appeal,* 72 Pa., 491, 13 Am. Rep., 716, it is said: 'The legislature cannot delegate its power to make a law, but it can make a law to delegate a power to determine some fact, or state of things, upon which the law makes, or intends to make, its own action depend. To deny this would be to stop the wheels of government.'

"This phase of the question underwent examination and the conclusion of the court with regard to it was supported by a full citation of authorities in *State* v. *Thompson,* 160 Mo. 333, 60 S. W., 1077, 54 L. R. A., 950, 83 Am. St. Rep., 468. The statute in question was one regulating book making and pool selling in the State of Missouri, and it forbade the doing of either of these things without

license, but provided that any one of good character might apply to the State auditor for a license to sell pools, make books, etc., who, after being satisfied of the good character of the applicant and good repute of the race course, etc., upon which the applicant desired to do business, might issue a license authorizing to do these things. The insistence there was that this statute was unconstitutional, in that it delegated legislative power to a State officer. This view, however, was rejected by the court, which held that it was rather a delegation of determining power, and as such within the competency of the legislature." (Citing numerous cases).

In *Scott* v. *Marley*, 124 Tenn., 388, 394-395, the constitutionality of chapter 183 of the Acts of 1887 was involved. That act authorized the courts in their discretion to tax attorneys' fees in partition suits as costs. In the opinion the court said:

"The argument in support of the above contention is that under this act the judge of the court may exercise the discretion conferred at his pleasure; that he may exercise it in one case, and not in another; that he may exercise it in one county, and not in another; that, in short, his will is the law, and his arbitrary discretion the measure of right between the parties. This contention, we think, is a misconstruction of the act. In the first place, the discretion which is conferred on the judge is a judicial discretion, and is not an arbitrary, vague, or fanciful discretion, but is a legal and regular power or discretion, the abuse of which by the judge is subject to review by writ of error or by appeal.

"A judicial discretion is defined by Lord Coke to be '*discernere per legem quid sit justum*,' or 'to see what would be just according to the laws in the premises.' Lord Mansfield says on the same subject: 'Discretion

when applied to a court of justice means sound discretion guided by law. It must be governed by rule, not by humor. It must not be arbitrary, vague, and fanciful, but legal and regular.' 23 Cyc., p. 1617.

"Judicial discretion in its broadest meaning is that sense of right and justice from which has sprung a vast array of legal and equitable principles never written in any constitution, code, or legislative act, but which nevertheless by the sanction and approval of the courts have become component parts of the law of the land. In its narrower sense it is the capacity of the individual judge presiding over a particular court to perceive and apply to the facts of each case in judgment the law of the land, so that in each case the rights of the parties under the facts of the case may be declared and enforced according to the law of the land.

, "By the act of 1887, the legislature did not delegate legislative power to the court. The only power attempted to be conferred upon the court by this act is to determine a state of facts in each particular case, wherein, according to the law of the land, attorney's fees in partition cases should be taxed as costs or paid out of the common fund. By the application of this act, the court does (not) make the law. It only finds the facts in cases where the law applies. The law is made by the legislature in the passage of the act, and the court simply exercises a sound judicial, and, in case of abuse, reviewable discretion in applying the law to the facts."

Section 519 of Shannon's Code provides that the county judge or chairman, for his services as financial agent, shall receive such compensation as the county court may order.

In *State* v. *McKee*, 76 Tenn., 24, 28, it appears that the county court refused to make any allowance to the county

judge for services as financial agent for the last two years of his term, whereupon he instituted suit to recover same. In denying his claim, the court said:

"The county judge is, no doubt, an inferior judge within the meaning of the Constitution so far as he is clothed with judicial power, and his salary in that capacity is fixed by the act under which he was elected, and can neither be increased nor diminished during the time for which he is elected: *State* v. *Glenn,* 7 Heis., 472. But he is also, by the express terms of the act creating the office, the 'accounting officer and general agent of the county,' with onerous ministerial and clerical duties thereto attached. The additional compensation, which the quarterly court is authorized to make, is for these services. The amount of that compensation is left entirely to the discretion of the quarterly court, and their judgment, when exercised, cannot be controlled by any other tribunal."

 The county judge is both a state and a county officer. *Ledgerwood* v. *Pitts,* 122 Tenn., 607.

Section 9, article 11, of our Constitution provides:

"The legislature shall have the right to vest such powers in the courts of justice, with regard to private and local affairs, as may be expedient."

The issuance of county road bonds is purely a local matter. If the legislature can delegate to the county court the fixing of the compensation of its financial agent, who is a county officer, we see no valid reason why it may not delegate to the county court the right to fix the compensation of the county trustee for this special service.

Section 6404 of Shannon's Code is in these words:

"The county courts of the different counties in this state shall, at their first quarterly term in each and every

year, make such allowance as they in their discretion shall think sufficient to compensate their sheriffs for *ex officio* service."

Although this statute was enacted more than a half a century ago, its validity has never been questioned, and in *Roberts* v. *Roane County*, 160 Tenn., 109, it was held that the sheriff was entitled to this compensation.

The act under consideration is not partial and arbitrary, because it applies to every county trustee in the State and contemplates just compensation to each in accordance with the services rendered. As to what extent the legislature may go in delegating to the county court the fixing of compensation generally for its county officers, we refrain from expressing any opinion. But for this special service, of a local nature, we are unable to find that the legislature has exceeded its authority in delegating this right, with the limitations provided, or has invaded any of the rights of the complainant guaranteed to him by the constitution.

The petition to rehear will therefore be denied.