CHAMBERS *et al. v.* MARCUM *et al.*

(*Knoxville*, September Term, 1952.)

Opinion filed February 6, 1953.

(1)

Howard H. Baker, Jr., of Huntsville, O. E. Jeffers, of Oneida, for appellant Marcum, Allison B. Humphreys, Solicitor General, for appellant Roy H. Beeler, Attorney General.

Jennings, O'Neil & Jarvis, of Knoxville, and Maxwell Sexton, of Oneida, for appellees.

Mr. Justice Burnett delivered the opinion of the Court.

This appeal is by the defendant below from the action of the Chancellor, declaring unconstitutional Chapter 600 of the Private Acts of 1951 and Chapter 265 of the Private Acts of 1943, which undertook to fix the compensation of the County Judge of Scott County for his duties in acting as the financial agent and chief accounting officer of the county. The Act applies to those counties of the State having a population of not less than 15,960 nor more than 15,975 by the Federal Census of 1940. It is conceded

here that the Act applies only to Scott County. Under the provisions of the Act, the County Judge's salary, for his duties as financial agent and chief accounting officer, is fixed in the 1943 Act at $1200 per year while in the 1951 Act (this is merely an amendment of the 1943 Act) his salary was increased to $1800 per year.

The Chancellor held the Acts in question invalid because the Acts attempted an exception to the general law. The general law on the subject is codified as Code Section 771 of the Annotated Code of 1932 as follows:

"For his services as financial agent, the county judge or chairman shall receive such compensation as the county court may order; but the chairman of the county court shall receive no compensation, when absent from the court from any other cause than sickness or unavoidable accident."

It was the idea of the Chancellor that in the acts which are attacked the Legislature was attempting to fix this compensation of the County Judge when the general law gave this right and authority to the county court of the county where the judge or chairman sat, and that by doing so the Acts in question were in violation of Section 8 of Article XI of the Constitution, and since they were in violation of this Section they were unconstitutional. Section 8 of Article XI of the Constitution of this State reads in part as follows:

"The Legislature shall have no power to suspend any general law for the benefit of any particular individual, nor to pass any law for the benefit of individuals, inconsistent with the general laws of the land; nor to pass any law granting to any individual or individuals, rights, privileges, immunities, or exemptions, other than such as may be, by the same

law, extended to any member of the community
* * *.''

So the question to be resolved by this Court is whether or not Private Acts under attack fixing the amount of the compensation to be paid the County Judge for his services as fiscal agent violate Article 11, Section 8 of the Constitution of Tennessee by suspending the general law, Section 771, Code of Tennessee, for the benefit of an individual.

■■ We do not think that the Acts in question violate this Article of the Constitution: (1) Because these Acts affect Scott County only with respect to its county government and thus, while they are special laws, they are not unconstitutional because they are a fair exercise of the constitutional legislative power of special legislation; (2) and because the private laws in question do not suspend any general laws, being enacted pursuant to a provision in the general law, 'Section 10679, Code of Tennessee. This Code Section reads:

"County judge's salary. Each county judge, where such judge is provided for by law, is entitled, when not otherwise stipulated, to receive five dollars per day during the sitting of the monthly and quarterly courts, and such additional compensation as the several quarterly courts may appropriate in payment for his services, to be paid quarterly out of the county treasury upon his own warrant."

The term in this Act "when not otherwise stipulated" was added in 1932 when the 1932 Code was adopted.

The private laws under attack fix a certain amount of compensation for fiscal services of the County Judge. The general law, Code, Sec. 771, does not fix any amount of compensation for these services. If the general law fixed a certain amount of compensation and the private

law undertook to fix it differently, or, if the general law provided certain fees for certain work and the private law provided compensation by salary without regard to the work done, or provided greater fees in one county than in another, it could be said that the private law would be in conflict with the general law and should be stricken down. But the private law does not do this. It simply provides compensation for the services rendered.

 It seems to us that Code Section 771 had not been suspended for the benefit of any particular individual, (1) because it does not appear in this record that the public official at present occupying the office of County Judge would receive more compensation under the Private Act than was received under the general law, and (2) the Act does not confer benefits upon an individual, it provides compensation at a reasonable rate to the occupant of the office of County Judge of Scott County, who, under the laws and constitution of this State, can be any one of any number of people. Where the law is as general in application as this law must be, applying to whomever may occupy the office of County Judge, it cannot be said that it is a law which suspends the general law "for the benefit of individuals, inconsistent with the general laws of the land".

In further considering the question now under discussion, that is, whether or not the Acts in question suspend the general law "for the benefit of individuals" we should and do take into consideration that the record in this case is silent as to whether (1) the County Judge was benefited by the Act; and it is likewise silent as to whether or not he was receiving as much compensation by operation of the general law as he received by provisions of the special law. Under the special law he

receives compensation while under the general law the Quarterly Court may not have been providing compensation, at least the record does not show that he was being provided compensation.

██ ██ Clearly the County Judge is entitled to some compensation for his services as fiscal agent. We cannot presume, so as to hold a legislative act unconstitutional, that the County Judge receives more compensation under the private law than he receives by appropriation of the Quarterly County Court. Presumptions are always in favor of the validity of the Act.

██ The Legislature of 1877 in enacting what is since carried in the Code as Section 771 only provided in that Section that the Quarterly County Court might appropriate money for the purpose under discussion but the Legislature certainly did not denude itself of control over the subject; in spite of this general law, as we see it, the Legislature still had the right to fix reasonable compensation for the services rendered by the official regardless of what county he was in.

We think that under Code Section 10679 above quoted that by this Act these fiscal duties of the County Judge may be fixed by the Quarterly County Court, that is, when they are not fixed by a special law. The special law under examination does not operate against any general law, it being in regard to a governmental matter and is constitutional.

██ Under Code Section now under discussion, Code, Sec. 10679, it is plain to us that the provision ''and such additional compensation as the several quarterly courts may appropriate in payment for his services'', applies to the compensation of the County Judge for his services as fiscal agent since the only capacities in which the

County Judge services the county are as Judge and as fiscal agent. Under the Constitution services as a County Judge must be compensated by the Legislature.

█ Code Section 771 certainly cannot be construed as providing a mandatory general law that compensation for services as a fiscal agent shall only be fixed by the Quarterly County Court. It appears that Section 10679 was modified in 1932 for the specific purpose of providing that the Quarterly County Court should have authority to fix such compensation only in event there was no special law on the subject. We think too that Code Section 771 must be construed in pari materia with Section 10679, since both are in relation to the same subject, and when we do this we find that the general law on the subject is that the Quarterly County Court has authority to fix the compensation of the County Judge for his services as fiscal agent only in event the Legislature has not done so by special law.

█ In the absence of a general law on the subject, a special law dealing with a governmental matter is valid, without the necessity of showing a good reason for its enactment, so long as it is not in fact enacted to confer some special benefit on an individual. *Nashville Electric Service* v. *Luna,* 185 Tenn. 175, 204 S. W. (2d) 529; *Troutman* v. *Crippen,* 186 Tenn. 459, 212 S. W. (2d) 33; *Donathan* v. *McMinn County,* 187 Tenn. 220, 213 S. W. (2d) 173; *Knoxville Theaters* v. *Dance,* 186 Tenn. 114, 208 S. W. (2d) 536.

Our case of *Tenpenny* v. *Cannon County,* 180 Tenn. 618, 177 S. W. (2d) 817, is directly in point on the question here involved. One of the questions in the Tenpenny case was whether or not the Private Act fixing salary compensation for the County Tax Assessor's Office, violated Article 11, Section 8, by suspending the general law,

Section 1338 of the Code of Tennessee, the pertinent part of which reads as follows:

*"Compensation of assessors and deputies to be paid by counties.* In counties, except those in which the salary is fixed by other statutes, the salary of the assessor shall be fixed by the county court, \* \* \*."*

Upon comparison the similarity of these two cases is immediately very apparent. In each instance the general law contemplates the County Court action only in event there is no special legislation on the subject. We held in the Tenpenny case that this private salary act was not unconstitutional but was constitutional.

The Attorney General for the State at our request has made an investigation and finds that at least 67 of the counties of the State have a Private Act fixing the salary of the County Judge or Chairman, in many instances a combination of both for his services as Judge and for acting as a fiscal agent or the two services jointly, and these are fixed by Private Acts of the Legislature. Of course the Legislature, being one of our coordinate branches of the government, has the right to and is entitled to consideration in passing these various acts. By so doing they are presumed to know that the County Court has the right under Section 771 of the Code to fix compensation for these services and yet in at least 67 of our 95 counties the Legislature by special legislation has done so.

█ A County judge is a judge of an inferior court, within the meaning of the Constitution, so far as he is clothed with judicial power, and his salary as such can neither be increased nor diminished during the term for which he is elected; but as fiscal agent of the county, for these services his compensation may be increased or diminished during his term. *State ex rel. Smiley* v. *Glenn,*

54 Tenn. 472; *State ex rel. Puckett* v. *McKee,* 76 Tenn. 24; *State* v. *Leonard,* 86 Tenn. 485, 7 S. W. 453; *State* v. *Maloney,* 92 Tenn. 62, 68, 20 S. W. 419; *Judges' Cases,* 102 Tenn. 509, 571, 53 S. W. 134, 46 L. R. A. 600; *Ledgerwood* v. *Pitts,* 122 Tenn. 570, 607, 125 S. W. 1036.

Under Article 6, Section 7 of the Constitution of Tennessee the power to ascertain and fix the compensation of County Judges is vested in the Legislature, and cannot be delegated to County Courts or any other body. *Shelby County* v. *Six Judges,* 3 Shan. Cas. 508, 511, 516, 520; *Judges' Salary Cases,* 110 Tenn. 370, 381, 382, 75 S. W. 1061.

For the reasons stated we are convinced that the Chancellor was in error and that the Acts under attack were constitutional. The result is that the judgment below will be reversed and the suit dismissed at the cost of the plaintiffs.

TOMLINSON, Justice, (concurring in results).

It is a fact, I think, that a special act affecting the county in its governmental capacity is unconstitutional if it suspends a general law mandatorily applicable to every other county of the State, unless there be some reasonable basis upon which the discrimination may be rested. *Berry* v. *Hayes,* 160 Tenn. 577, 28 S. W. (2d) 50; *Town of McMinnville* v. *Curtis,* 183 Tenn. 442, 192 S. W. (2d) 998. However, the general law involved here, Code Section 771, is not in my judgment mandatorily applicable to every county of the State.

Code Section 771 makes it entirely discretionary with the quarterly court of each county of the State as to whether that particular county will allow the County Judge an additional compensation for his services as financial agent. The action or nonaction of the respective

quarterly courts in respect of this matter is not reviewable by the Courts. *State ex rel. Puckett* v. *McKee,* 76 Tenn. 24, 28; *Carothers* v. *Giles County,* 162 Tenn. 492, 497, 39 S. W. (2d) 584.

Since the general law, Code Section 771, does not require the Quarterly Court of any county of the State to fix the compensation of the County Judge for his services as financial agent, it seems to necessarily follow that a special act of the Legislature fixing such compensation in a particular county does not suspend the general law. There is no general law fixing such compensation or providing a formula by which it shall be fixed.

For the reasons stated, it follows that the Private Acts in question here do not violate Article XI, Section 8 of our Constitution.