STATE OF TENNESSEE *ex rel.* ASHER HOWARD v. WILLIAM F. REGISTER.

(*Knoxville,* September Term (May Session)  1954.)

Opinion filed June 10, 1955.

GODDARD & GAMBLE, of Maryville, for appellant.

MEARES & THOMAS, of Maryville, and KRAMER, DYE, McNABB & GREENWOOD, of Knoxville, for appellee.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

On September 24, 1954, the office of Judge of the County Court of Blount County, Tennessee, became vacant due to the death of the occupant, Honorable George D. Roberts. On the following day a special meeting of the Quarterly County Court of said county was called by the clerk of the court to elect a successor to serve until the general election in 1956. The Quarterly Court thereupon on October 5, 1954, elected the relator, Honorable Asher Howard, who made bond and took the oath of office.

Prior to the election of the relator the Governor of the State, Honorable Frank G. Clement, appointed Honorable William F. Register to the position made vacant by the death of Judge Roberts. He was duly commissioned and proceeded to perform the duties of said office.

The relator, Asher Howard, filed his original bill in the Chancery Court seeking an adjudication of his right

to the office of County Judge as against that of William F. Register, who claims to be the lawful incumbent.

The bill charges that the relator was lawfully elected by the Quarterly County Court, the said court having full authority under the laws of Tennessee to fill the vacancy created by the death of George D. Roberts; that the Governor of the State of Tennessee was without authority and right to make the appointment of Register to fill the vacancy.

The prayer of the bill is that the relator, Asher Howard, be adjudged to be the rightful and lawful holder of the office of County Judge of Blount County, Tennessee.

The respondent demurred to the bill on the following grounds:

"1. That there is no equity on the face of the bill.

"2. That the relator does not show any right to the office of County Judge in himself.

"3. That the original bill shows on its face that the respondent, William F. Register, is lawfully in possession of the office of County Judge by virtue of an appointment by the Governor of the State of Tennessee which is the method of filling vacancies in said office under the laws of the State pertaining thereto."

The Chancellor, in an exhaustive opinion, sustained the demurrer and dismissed the bill. An appeal was prayed and granted, and we have the case before us on relator's assignment of error that the Chancellor erred in dismissing the bill.

The counsel for the relator relied upon Section 641 of the Supplement to the Code of 1950, as follows:

"*Vacancy, how filled; temporary appointment by county court or governor.*—When a vacancy, either by death, resignation, or removal, shall occur

in the office of county judge it shall be filled by the qualified voters of the county, at the first regular election in August for any of the county officers, more than thirty days after the happening of the vacancy; and, in the meantime, the county court, at its first meeting after the happening of the vacancy, shall elect a person learned in the law, and legally qualified, to discharge the duties of said office until the election by the people can be had. Provided that if the said county court fails or refuses to elect a successor to fill said office until the next regular August election, at its first meeting after the happening of the vacancy, then the governor of the state shall appoint some person learned in the law, and legally qualified, to discharge the duties of the office, who shall serve until the next regular election in August, at which time the vacancy shall be filled by the qualified voters of the county.

"Unless the county court is to have a regular meeting within ten days after such vacancy occurs, it shall be the duty of the county court clerk or, in his absence or inability to act, of his deputy, and they are empowered, immediately upon the occurrence of such vacancy to give notice of a special meeting of the county court to be held ten days after the date of the notice (unless the date thus set falls upon a Sunday or holiday, in which case the meeting shall be fixed for the next business day), for the election of the person to fill said vacancy. Said meeting shall be held upon the date thus fixed, and the presiding officer for the meeting shall be elected by the court. (1871, ch. 128, sec. 3; 1933, ch. 141, sec. 1, modified.)"

The respondent relies upon Chapter 523 of the Private Acts of 1949, which reads as follows:

"Sec. 3. *Be it further enacted,* That the Judge of the County. Court shall be elected at the General Election held on the first Thursday in August, 1950, and shall assume his office on September 1, 1950; shall hold office for a term of eight years; vacancies in the office shall be filled in the manner provided by law for filling vacancies in the office of Judges and Chancellors."

The manner of filling vacancies in the office of Judges and Chancellors, "or judge of a special court of equal dignity with circuit and chancery courts", appears in Section 637 of the Code and authorizes the Governor of the State to make an appointment to the vacancy, the person so appointed to hold office until the next biennial election in August "occurring more than thirty days after such vacancy".

The issue before us is clearly set forth in the appellant's brief as follows:

"Thus it is seen that if the appointment of the successor to Judge Roberts is controlled by Section 641 of the 1950 Code Supplement, the County Court of Blount County had the right to elect his successor, and the Relator is the rightful occupant of the office. Whereas, if the provisions of Section 3 of Chapter 523 of the Private Acts of 1949 are valid and controlling, the Governor had the right to appoint under Code Section 637, and the Respondent is the rightful occupant of the office."

We have given careful consideration to the exhaustive briefs of counsel for the respective parties, and the able opinion of the Chancellor. The arguments, and cases cited by counsel in support of appellant and the appellee,

have taken a wide range, much of it being irrelevant to the issue. In so far as it concerns precedent, only those cases dealing with the filling of a vacancy of the office of County Judge seem appropriate in answering the question which this case presents. There are two such cases, to wit, *State ex rel. Smiley* v. *Glenn,* 54 Tenn. 472, and *Caldwell* v. *Lyon,* 168 Tenn. 607, 80 S. W. (2d) 80, 100 A. L. R. 1152.

But before passing to a consideration of those two cases it is proper to observe that great segments of the public have heretofore regarded it to be the prerogative of the Governor to fill the vacancy in those counties wherein the special statute creating the office of County Judge provides that the vacancy shall be filled by the Governor's appointment. Of course, if such a provision in such special act violates the Constitution, then the fact that such has been the practice does not validate the provision.

In *State ex rel. Smiley* v. *Glenn,* supra, the vacancy occurred in August, 1871. The Court concluded that the Governor, rather than the Quarterly Court, had the authority to fill the vacancy saying that "as the law stood in August 1871 that power was vested in the Governor". It is clear that the Court either overlooked Code Section 641 providing for the filling of such vacancy by the Quarterly Court, or Section 641 was enacted in 1871 after this vacancy occurred. That case, then, is not in point.

In *Caldwell* v. *Lyon,* supra, [168 Tenn. 607, 80 S. W. (2d) 83], the special act creating the office of County Judge provided that if a vacancy occurs some member of the Quarterly Court shall be selected by that Court to fill the vacancy. The Court upheld that provision with the statement that:

"No special provision is made in the Constitution with regard to the filling of vacancies in the office of county judge; hence, the Legislature may make any provision for the filling of such vacancies as to it may seem expedient."

Apparently, the Court either overlooked Code Section 641, or it regarded an election by the Quarterly Court of one of its own members as a filling of the vacancy by the Quarterly Court as provided by that code section. No assistance, therefore, is to be obtained from that decision.

Respondent relies upon *Chambers* v. *Marcum*, 195 Tenn. 1, 255 S. W. (2d) 1. In that case a special act fixed the amount which should be allowed the County Judge of Scott County each year for his services as financial agent. The act was attacked on the ground that it was an attempt to suspend the general law carried at Section 771 of the Code wherein it is provided that "for his services as financial agent, the county judge or chairman shall receive such compensation as the county court may order". It was held that this special act did not suspend the general law carried at Section 771. The point sought to be made by reference to this case, as we understand it, is that, with reference to the office of County Judge, special acts may be validly enacted notwithstanding the general law.

It will be noted that the general law carried at Section 771 does not make it the duty of any Quarterly Court to allow the chairman anything for his services as financial agent. The act provides that he shall have such amount as the Quarterly Court "*may* order". (Emphasis supplied.) Hence, the provisions of Code Section 771 is not mandatorily applicable to any County. On the other hand, Section 641 of the Code Supplement makes

it the duty of the Quarterly Court to fill the vacancy in the office of County Judge. The pertinent language of this section is that ''the county court, at its first meeting after the happening of the vacancy, *shall elect* a person learned in the law.'' (Emphasis supplied.)

Without doubt the general law carried at Section 641 of the Code Supplement makes it the duty of the Quarterly Court of every county in the State having a County Judge to fill a vacancy in that office. And it is only when such court fails or refuses to perform that duty that the Governor has the authority under this general law to appoint. It is equally clear that the duty thus imposed upon such Quarterly County Court likewise extends to such county the privilege of selecting by its own representatives the person it desires to fill such vacancy.

It is also clear that the aforesaid act creating the office of County Judge for Blount County does contravene this general law, Code Section 641, in so far as it provides that a vacancy occurring in the office of County Judge in that County shall be filled by the Governor's appointment. This special act deprives that county of the privilege extended by the general law, Code Section 641, to every other county of the State having a county judge.

This Court has held on several occasions that a special act which deprives a governmental entity, such as a city or county, of a privilege extended to every other like entity in the State by general law, or places upon it a burden not imposed by the general law upon other like governmental entities is a violation of Article 1, Section 8 of our Constitution unless there is a reasonable basis for such discrimination. The cases so holding are collected to some extent in *Town of McMinnville* v. *Curtis,* 193 Tenn. 442, 192 S. W. (2d) 998.

This Court is unable to find any reasonable basis for such discrimination. No doubt there may be some administrative duties attached to this particular office which are different from those attached to the office of county judge of some other county. It is hardly probable that many of the acts creating the office of County Judge provides for identical duties.

The Legislature necessarily knew this and enacting Code Section 641, and knew it in carrying that section forward in the Code Supplement with only the additional provision to take care of an emergency with reference to this important office that if a vacancy should occur more than ten days prior to the regular meeting of the Quarterly Court, then the County Court Clerk should at once call a special meeting of that Court to fill the vacancy. By and large the fundamental duties of the office of County Judge are the same in all counties.

It is the conclusion of the Court that the provision in Section 3 of Chapter 523 of the Private Acts of 1949 providing that the Governor should by appointment fill any vacancy occurring in the office of County Judge of Blount County is an invalid provision, in that it suspends the general law contrary to Article 1, Section 8 of the Constitution. That being true, and the Quarterly Court of that County having acted in the manner required by Section 641 of the Code Supplement, the result is that the relator, Howard, was lawfully elected to fill the vacancy occasioned by the death of Judge Roberts and is entitled to the office until the next general election. The holding of the Chancellor to the contrary is reversed, and the cause remanded.