**John STEINHOUSE, Plaintiff-Appellee,**

v.

**Dorothy NEAL, individually and as Trustee for Mary Huff, and Mary Huff, individually, Defendants-Appellants.**

Supreme Court of Tennessee, at Nashville.

Jan. 20, 1987.

Walter S. Clark, Jr., Nashville, for defendants-appellants.

Norman B. Feaster, II, David Kozlowski, Legal Services of South Central Tennessee and Franklin D. Brabson, Nashville, for amicus curiae.

Sheree C. Wright, Speight & Parker, Nashville, for plaintiff-appellee.

OPINION

PER CURIAM.

We granted Defendants-Appellants' Rule 11 Application for Permission to Appeal in order to determine whether the time limit to appeal an action from General Sessions Court, by an unsuccessful party in an unlawful detainer action, is 2 days or 10 days.

Plaintiff-Appellee, John Steinhouse, brought this action in the General Sessions Court of Davidson County and alleged that the Defendants "were unlawfully detaining certain lands to which Plaintiff was entitled

to possession." Judgment was entered in the General Sessions Court on June 12, 1985, restoring Plaintiff to the possession of the land. The 2 day period for appealing expired on June 14th, and the 10 day period for appealing which would ordinarily have expired on June 22, expired on June 24, because June 22 was a Saturday. On June 24, Defendants filed their appeal.

Plaintiff filed a motion to dismiss the appeal in the Circuit Court alleging that the appeal was not taken from the judgment of the General Sessions Court within the 2 day period as provided in T.C.A. § 29–18–128. Defendants argued that the provisions of T.C.A. § 27–5–108 controlled and that Defendant had 10 days in which to appeal. The court heard the motion and dismissed the appeal due to its untimeliness. Defendants perfected an appeal to the Court of Appeals and, in a 2–1 decision, that Court affirmed the action of the trial court finding that the 2 day statute controlled. Judge Todd, in his dissenting opinion, stated that:

> "[T]he expressed legislative intent included *all* appeals from general sessions court, thus extending the 2 day period previously applicable to detainer to the new uniform period of 10 days.
> To hold otherwise is to allow the unwary to be trapped by inconsistent and contradictory laws."

The issue of whether T.C.A. § 29–18–128 (the 2 day statute) or T.C.A. § 27–5–108 (the 10 day statute) controls the time limitation on an appeal from a general sessions court judgment in a forcible entry and detainer action is one of first impression. T.C.A. § 29–18–128, which deals with forcible entry and detainer appeals, provides as follows:

> "An appeal will also lie in suits commenced before general sessions judges, under the provisions of this chapter, within the two (2) days allowed by law, as in other cases, the appellant, if the defendant, giving bond as in the case of a certiorari. [Code 1858, § 3360 (deriv. Acts 1849–1850, ch. 74, § 1); Shan., § 5108; Code 1932, § 9263; impl. am.

Acts 1979, ch. 68, § 3; T.C.A. (orig. ed.), § 23–1630.]"

It is of interest to note that a statute providing for forcible entry and detainer was first adopted by our General Assembly in 1821. No appeal was provided for in the original Act. No writ of possession could issue until after the lapse of 20 days from judgment, within which time the parties could remove the cause into the Circuit Court by certiorari (1841–42 Tenn.Pub. Acts, ch. 186, §§ 4 & 6). On December 31, 1849, an appeal was first authorized, and 5 days were allowed (1849–50, Tenn.Pub. Acts, ch. 131, § 3). On February 7, 1850, another statute was enacted allowing an appeal in a detainer action "to the circuit court as in other cases" (1849–50, Tenn. Pub.Acts, ch. 74, § 1). *See, Elliot v. Lawless,* 53 Tenn. 123, 125–26 (1871). This latter provision is the genesis of T.C.A. § 29–18–128. The statute did not mention 2 days, but simply indicated that an appeal could be taken "as in other cases." At that time, there were no general sessions courts and all appeals from the justices of the peace were to be taken within 2 days to the circuit court (1835–36, Tenn.Pub.Acts, ch. 17, § 10). *See,* Code 1858, § 3140, T.C.A. § 27–501.

All previous laws of Tennessee were repealed and replaced with an entire new code in 1858. *See,* Code of 1858, § 41. The 1858 Code eliminated the 5 day appeal provision in detainer actions and amended the section from the Acts of 1849–50, ch. 74, § 1, so that it was identical to the current T.C.A. § 29–18–128 (*see,* Code of 1858, § 3360), quoted above.

Over 100 years later, in 1959, a statewide system of general sessions courts was established (Acts of 1959, ch. 109, § 4). The 1959 Act set up a uniform appeal period of 10 days in general sessions cases. T.C.A. § 27–5–108 reads as follows:

> "*Appeal from general sessions court.* —(a) Any party may appeal from an adverse decision of the general sessions court to the circuit court of the county within a period of ten (10) days on com-

plying with the provisions of this chapter.

(b) This provision allowing ten (10) days in which to perfect an appeal shall apply in every county of Tennessee, any provision of any private act to the contrary notwithstanding, *it being the legislative intent to establish a uniform period of ten (10) days in which any such appeal may be perfected in any county in Tennessee.*

(c) Any appeal shall be heard de novo in the circuit court.

(d) If no appeal is taken within the time provided, then execution may issue. [Acts 1959, ch. 109, § 4; T.C.A., § 27–509; modified.]" [Emphasis supplied.]

■ Based upon the wording and the history of both statutes, we are convinced that it was the legislative intent that T.C.A. § 27–5–108 control the period of limitations. The purpose of the 1959 Act was to enact a law dealing with general sessions courts as a whole. The Act was to include a uniform time period for appeals in all cases throughout the state. The legislative intent, as expressed in the wording of the 1959 Act was "to establish a uniform period of ten (10) days in which any such appeal may be perfected in any county in Tennessee."

■ Where two statutes cover the same subject matter, the last enactment repeals the former by implication. The uniform 10 day period for appeal as found in T.C.A. § 27–5–108 applies in forcible entry and detainer actions and the judgments of the trial court and the Court of Appeals are accordingly reversed and this cause remanded to the trial court for a hearing on its merits.