Jane C. FRANKS and Robert Ring, Appellees,

v.

STATE of Tennessee, Appellants.

Supreme Court of Tennessee, at Nashville.

June 5, 1989.

W.J. Michael Cody, Atty. Gen. & Reporter, Andy D. Bennett, Deputy Atty. Gen., Nashville, for appellants.

Richard A. Buerger, Jeffrey D. Moseley, Franklin, for appellees.

## OPINION

FONES, Justice.

This declaratory judgment suit was brought to determine the constitutionality of a statutory provision authorizing certain county legislative bodies to provide additional compensation to general sessions judges for also serving as the juvenile court judge.

The trial court did not rule on the constitutionality of this statute. He disposed of the case by holding that any reduction in the salary of a general sessions judge during the judge's term of office would violate Article VI Section 7 of the Tennessee Constitution.

Plaintiff, Jane C. Franks, has been the general sessions judge for Williamson County since 1977 and the juvenile court judge since 1980.

In 1982, the General Assembly enacted the Juvenile Court Restructure Act, Public Acts 1982, Chapter 934. Section 10 of the Act, which is codified as T.C.A. § 37–1–210 became effective 19 May 1982. T.C.A. § 37–1–210 provides:

*37–1–210. Clerks of general sessions courts.*—In those counties in which the general sessions court is also the juvenile court, the clerk of the court exercising juvenile jurisdiction in such counties prior to May 19, 1982, shall serve as clerk of the general sessions court when it is exercising juvenile jurisdiction after May 19, 1982, unless otherwise provided by law. Such clerks shall maintain separate minutes, dockets, and records for all matters pertaining to juvenile court proceedings as required by law. County legisla-

tive bodies may, in their discretion, provide additional compensation to general sessions court judges in such counties.

In July 1982, the Williamson County Board of Commissioners approved a supplemental income for Jane C. Franks, General Session Judge, as compensation for her additional duties as Juvenile Court Judge.

On 21 May 1987, pursuant to audit, County Executive Robert Ring received a review of interim findings and recommendations from the Office of the Comptroller of the Treasury. Among other findings, the audit stated:

[I]t has come to our attention that the General Sessions/Juvenile Court Judge has been compensated in excess of the amount provided by state statute, Section 16–15–205, Tennessee Code Annotated. Additional appropriation for the service as the Juvenile Judge ... is not authorized by state law and should be discontinued.

Plaintiffs disagreed relying upon T.C.A. § 37–1–210 and filed this declaratory judgment action.

The first issue to be determined in this Court is the constitutionality of the last sentence in T.C.A. § 37–1–210: "County legislative bodies may, in their discretion, provide additional compensation to general sessions court judges in such counties."

Article VI, Section 7 of the Tennessee Constitution states in pertinent part:

The Judges of the Supreme or Inferior Courts, shall, at stated times, receive a compensation for their services, to be ascertained by law, which shall not be increased or diminished during the time for which they are elected.

General sessions courts are inferior courts within the meaning of Article VI, Section 7 of our State Constitution. *Durham v. Dismukes*, 206 Tenn. 448, 333 S.W.2d 935 (1960).

Because a Sessions Judge is subject to Article 6, Section 7 of the Constitution wherein his salary cannot be increased during his term does not make him a State officer—he is still a county officer.

A county official is likewise subject to the mandates of the Constitution.

*Id.* 333 S.W.2d at 937.

■ Juvenile courts are county courts. *State ex rel. Webb v. Brown,* 132 Tenn. 685, 179 S.W. 321 (1915). In *Chambers v. Marcum,* 195 Tenn. 1, 255 S.W.2d 1 (1953), this Court held that a county judge was a judge of an inferior court within the meaning of Tennessee Constitution, so far as he is clothed with judicial power, and his salary as such can neither be increased nor diminished during the term for which he is elected; but as fiscal agent of the county, for those services his compensation may be increased or diminished during his term. 195 Tenn. at 10, *Id.* at 5. The *Chambers'* court was concerned with a private act which undertook to fix the compensation of a county judge for his duties in acting as the *financial agent* and *chief accounting* officer of the county:

> Under Article 6, Section 7 of the Constitution of Tennessee the power to ascertain and fix the compensation of County Judges is vested in the Legislature, and cannot be delegated to County Courts or any other body. *Shelby County v. Six Judges,* 3 Shan.Cas. 508, 511, 516, 520; *Judges' Salary Cases,* 110 Tenn. 370, 381, 382, 75 S.W. 1061.

*Chambers,* 195 Tenn. at 11, 255 S.W.2d at 5.

The Plaintiff's argument that a juvenile judge as county officer, serving a county purpose, falls outside the prohibition against delegation of the power to set the salary is without merit. The services for which Judge Franks received additional compensation were for services she performed as a judge of an inferior court, to wit, services "clothed with judicial power."

A juvenile judge is a judge of an inferior court within the meaning of Art. VI Section 7 and compensation for their services shall be "ascertained by law."

In *Brown, supra,* the court noted that the:

> [L]egislature in the act creating the office of judge of juvenile court should have complied with the mandate, and provided a compensation for the occupant of

the office of judge; how much should be allowed was within its discretion, provided it was some amount.

132 Tenn. at 689, 179 S.W. at 322.

Failing in that duty, the general assembly at its 1915 session passed the amendatory act and a salary was thereby fixed.

The law ascertaining the amount of compensation must be enacted by the legislature, the only law-making power. This law-making power cannot be delegated to any other body. *Shelby County, supra,* at 511–12. The last sentence of T.C.A. § 37–1–210 which permits counties to provide additional compensation to general sessions judges who also exercise juvenile court jurisdiction is unconstitutional.

■ However, we are of the opinion that the unconstitutional portion can be stricken and the remainder of the statute upheld. The doctrine of elision applies "if it is made to appear from the face of the statute that the legislature would have enacted it with the objectionable features omitted, and those portions of the statute which are not objectionable will be held valid and enforceable, ... provided, of course, there is left enough of the act for a complete law capable of enforcement and fairly answering the object of its passage." *Gibson County Special School Dist. v. Palmer,* 691 S.W.2d 544, 551 (Tenn.1985) (quoting *Davidson County v. Elrod,* 191 Tenn. 109, 232 S.W.2d 1, 2 (1950).

In addition, section 20 of the Act contains a severability clause which provides:

> If any provision of this act or the application thereof to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of the act which can be given effect without the invalid provision or application, and to that end the provisions of this act are declared to be severable.

Such clause evinces an intent on the part of our legislature to have the valid parts of the statute remain in force, unless observance thereof would frustrate the object of its passage. *See, e.g., Catlett v. State,* 207 Tenn. 1, 336 S.W.2d 8 (Tenn.1960). We do

not find that the delegation to the county legislative bodies of authority to pay additional compensation is so interwoven with the remainder of the statute that it is void in its entirety. After excision of the impermissible provision the statute is complete and capable of enforcement.

The next issue is whether Article VI, Section 7 prohibits rescinding the salary supplement of a judge's salary that went into effect at the commencement of the current term wherein that portion is being paid pursuant to an unconstitutional provision of the statute.

The plaintiffs argue that even if the court finds the provision unconstitutional, the ruling should not be given effect of rescinding the additional compensation during the current term of office. They contend that her compensation began with the term of office and any reduction would be in contravention of Article VI, Section 7, which provides that the compensation of judges, "shall not be increased or diminished during the time for which they are elected." We disagree.

■ Under the "void ab initio" approach, an unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed. *Norton v. Shelby County*, 118 U.S. 425, 6 S.Ct. 1121, 30 L.Ed. 178 (1886).

■ However, in *Roberts v. Roane County*, 160 Tenn. 109, 23 S.W.2d 239 (1929) this Court recognized "that parties may so deal with each other upon the faith of such a statute that neither may invoke the aid of the courts to undo what they themselves have done." *Id.* at 124, 23 S.W.2d at 243. Because of the presumption in favor of the constitutionality of statutes, the public and individuals are bound to observe a statute though unconstitutional, until it is declared void by an authoritative tribunal. *O'Brien v. Rutherford County*, 199 Tenn. 642, 288 S.W.2d 708

(1956). Defendants concede that plaintiffs were acting in good faith in paying and receiving the salary supplement fixed by the Williamson County legislative body and that plaintiff Franks should not be required to pay back the supplemental salary. In these circumstances it is appropriate to apply the principle that the unconstitutional act was voidable until condemned by judicial pronouncement. *See Cumberland Capital Corp. v. Patty*, 556 S.W.2d 516 (Tenn.1977). Based upon the foregoing, the excess monies paid and received to the date of the release of this opinion can not be recovered.

Finally, although plaintiff Franks is not entitled to the salary supplement provided by the Williamson County legislative body, from and after the date of the release of this opinion, she will be entitled to a salary supplement of 10% of her base salary as a general session judge for the remainder of this judicial term. On the same day the Juvenile Court Restructure Act became law, the governor signed Chapter 945, Public Acts 1982, "AN ACT Relative to the compensation and jurisdiction of courts of general sessions and to amend Tennessee Code Annotated, Sections 16–15–205 and 16–15–501" and it became effective that day, 19 May 1982. Section 2 of that Act, codified as T.C.A. § 16–15–205(d)(2)(A), provides that, "If a general sessions judge . . ., exercises juvenile jurisdiction, the base salary for the judge shall be increased by an amount equal to ten percent (10%) of the base salary."

The judgment of the Chancery Court of Williamson County is reversed. Costs of this appeal are adjudged one-half against Judge Franks and one-half against Robert Ring, the county executive.

DROWOTA, C.J., and COOPER, HARBISON and O'BRIEN, JJ., concur.