**PLANNED PARENTHOOD ASSOCIATION OF NASHVILLE, INC., Memphis Planned Parenthood, Inc., and Peter Cartwright, M.D., Plaintiffs–Appellees,**

v.

**Ned R. McWHERTER, Governor, and Charles W. Burson, Attorney General, State of Tennessee, Defendants–Appellants.**

Supreme Court of Tennessee,
at Nashville.

Sept. 9, 1991.

Charles W. Burson, Atty. Gen. and Reporter, John Knox Walkup, Sol. Gen., Andy D. Bennett, Michael W. Catalano, Deputy Attys. Gen., Nashville, for defendants-appellants.

Barbara E. Otten, Roger K. Evans, Dara Klassel, New York City, Larry Woods, Irwin Venick, Nashville (Edward Kaplan, Teresa J. Sigmon, Memphis, Barry Friedman, Nashville, of counsel), for plaintiffs-appellees.

## OPINION

DAUGHTREY, Justice.

This matter is before us on a certified question of law referred from the United States Court of Appeals for the Sixth Circuit, 923 F.2d 474. That court has asked us to render an opinion on the relative validity of two conflicting Tennessee statutes, T.C.A. §§ 37–10–301 through 307, requiring "parental consent for abortions by minors," and T.C.A. § 39–15–202(f), requiring "notice to parents or guardians" of minors seeking an abortion. The two statutes were enacted by the Tennessee General Assembly in 1988 and 1989, respectively. We conclude that the more recent statute has had the effect of repealing the prior statute by implication and, further, that unless and until T.C.A. § 39–15–202(f) is successfully challenged in court on constitutional grounds, it represents the current state of the law in Tennessee with regard to abortions performed on minors.

## BACKGROUND

Pursuant to the provisions of Chapter 334 of the Public Acts of 1979, the Tennessee General Assembly enacted the following requirement regarding parental notification of intent to perform an abortion on an unemancipated minor:

The attending physician or agency performing an abortion upon a minor of less than eighteen (18) years of age shall

inform the parents or legal guardians of such minor, or if the whereabouts of the parents cannot be determined and there is no other legal guardian then the agency or other individual to whom the child's custody has been transferred, two (2) days prior to the operation that an abortion is to be performed upon such minor. Provided, however, the provisions of this Act shall in no way be construed to mean, provide for, or authorize parental objection to, in any way, prevent or alter the decision of the minor to proceed with the abortion.

This act became effective on July 1, 1979. On October 24, 1979, however, the Davidson County Chancery Court granted summary judgment in favor of plaintiffs seeking to have the notification provisions declared unconstitutional. *Planned Parenthood of Nashville v. Lamar Alexander,* Davidson Chancery No. 79-843-II. That order was never appealed, however, and the statute was codified and subsequently carried on the books as T.C.A. § 39-4-202(f).[1]

In its 1988 session, the legislature amended Tennessee's juvenile law statutes by enacting T.C.A. §§ 37-10-301 *et seq.* Pursuant to this legislation, written consent from both parents was required before an abortion could be performed on a minor. The minor, however, could seek to "bypass" the parental consental requirement by petitioning the juvenile court for a waiver of the statutory duty. T.C.A. § 37-10-303(c).

Under the terms of Chapter 929 of the Public Acts of 1988, this parental consent statute took effect on July 1, 1989. However, a few weeks later it was declared unconstitutional in federal district court in Nashville, on the ground that language relieving the physician of the obligation to notify a parent who was "not available to the person performing the abortion ... *in a reasonable time or manner"* was too vague to comport with due process. *Planned Parenthood Association of Nashville et al. v. Ned McWherter et al.,* 716 F.Supp. 1064, United States District Court for the Middle District of Tennessee (1989) (emphasis added). That ruling was appealed to the Sixth Circuit Court of Appeals and forms the basis for the current certification request to this Court.

The specific question before us arose because of legislative action which intervened between the time the 1988 statute was declared invalid by the federal district court and the time the appeal was heard by the Sixth Circuit Court of Appeals.

That intervening action occurred on May 24, 1989, when the legislature enacted Chapter 591 of the Public Acts of 1989, which revised Tennessee's criminal laws and sentencing procedures. As part of this massive revision, the General Assembly passed what has since been codified as T.C.A. § 39-15-202(f). That statute is, in all pertinent respects, identical to the provisions of T.C.A. § 39-4-202(f), quoted above, which was first enacted ten years earlier. The parental notification requirements of T.C.A. § 39-15-202(f) became effective on November 1, 1989.

## THE CERTIFIED QUESTION

Faced with what appeared to be conflicting statutes on the same subject, the Sixth Circuit Court of Appeals thereafter referred the following question of state law to this Court:

Before ruling on the constitutionality of the [1988] consent statute, this Court needs to know the effect, if any, of the later [1989] notification statute, Tenn.

---

**1.** In a memorandum dated October 24, 1979, the chancellor indicated that he was granting the plaintiffs' motion for summary judgment because the state had "advised the Court of its intent not to defend the constitutionality of [the notification statute] ... based upon a series of United States Supreme [Court] decisions, including the recent holding in *Belloti [Bellotti] v. Baird,* 47 U.S.L.W. 4969 (July 2, 1979)." As it turns out, the *Bellotti* opinion, later reported at 443 U.S. 622, 99 S.Ct. 3035, 61 L.Ed.2d 797 (1979), concerned the constitutionality of a parental consent statute, not a notification statute, and mustered only a plurality of four justices on the United States Supreme Court. The ruling of the chancellor on the motion for summary judgment was not appealed. As a result, the parental notification act was still on the books at the time it was repealed by implication in 1988.

Code Ann. § 39–15–202(f), on the earlier [1988] consent statute, Tenn. Code Ann. §§ 37–10–301 through 307. Which of the provisions of the two statutes respecting parental notification and consent, if any, is in effect under Tennessee statutory and constitutional principles of interpretation?

## ANALYSIS

■ An examination of the Tennessee statutory scheme regarding abortions performed on unemancipated minors reveals that the provisions of Tennessee's 1988 parental consent statute, T.C.A. § 37–10–303, are in direct conflict with the provisions of Tennessee's 1989 parental notification statute. T.C.A. § 39–15–202(f). T.C.A. § 37–10–303(a) provides explicitly that no abortion shall be performed on an unemancipated minor (except when the judicial bypass procedures are invoked) unless "the written consent of both parents or the legal guardian of the minor" is obtained. In contrast, T.C.A. § 39–15–202(f)(1), while requiring notification to the parents or legal guardian of an unemancipated minor two days prior to an abortion, clearly forbids that the requirement "be construed to mean, provide for or authorize parental objection to, in any way, prevent or alter the decision of the minor to proceed with the abortion." In other words, while the 1988 consent statute *requires* parental consent before the performing of an abortion on an unemancipated minor not invoking the judicial bypass provisions, the 1989 notification statute *forbids* the withholding of an abortion based on lack of such parental consent.

The principle of statutory construction is well-established in Tennessee that the courts should construe statutes so as to avoid placing one statute in conflict with another. *Parkridge Hospital, Inc., v. Woods,* 561 S.W.2d 754, 755 (Tenn.1978). However, it is equally well-settled that in the event of an irreconcilable conflict, or "[w]here two statutes cover the same subject matter, the last enactment repeals the former by implication." *Steinhouse v. Neal,* 723 S.W.2d 625, 627 (Tenn.1987). Such repeals are commonly said to be "dis-

favored" by the law and are recognized only to the extent of actual conflict. *See, e.g., Reams v. Frostel Mechanical Industries,* 522 S.W.2d 170, 173 (Tenn.1975). However, statutory repeal by implication is recognized as a "matter of necessity," *English v. Farrar,* 206 Tenn. 188, 332 S.W.2d 215, 219 (1960), and sometimes even as a matter of legislative intent. *Hart v. Pierce,* 169 Tenn. 411, 88 S.W.2d 798, 800 (1935).

Despite the absence of an explicit repealer bill, there can be little question about legislative intent with regard to the two conflicting statutes involved here. During the floor debate on the 1989 notification bill, the Senate discussed and adopted an amendment, part of which eventually became T.C.A. § 39–15–202(f). The following exchange occurred during that discussion:

SENATOR HENRY: Mr. Speaker, one item I forgot to ask Senator Haynes. *[The amendment] replaces both the law of abortion and the law of parental consent,* is that correct, Senator Haynes?

SENATOR HAYNES: That is correct, Senator Henry.

Senate Session, May 10, 1989 (Tape S–91) (emphasis added).

■ Despite the fact that the legislature has clearly manifested its intent that the parental notification provisions of the 1989 statute "replace" the 1988 parental consent requirement, the Attorney General argues that this Court may not give effect to those 1989 provisions. According to the Attorney General's argument, the parental notification requirement is identical to the former notification provisions of T.C.A. § 39–4–202(f) that were held to be unconstitutional by the Davidson County Chancery Court back in 1979. As a result, the Attorney General argues, the 1989 statute is also unconstitutional on it face, is void *ab initio,* and cannot replace the 1988 parental consent requirements.

In support of his position, the Attorney General cites the cases of *Franks v. State,* 772 S.W.2d 428 (Tenn.1989), *Leech v. American Booksellers Assn.,* 582 S.W.2d 738 (Tenn.1979), and *McMinn County*

*Board of Education v. Anderson,* 200 Tenn. 333, 292 S.W.2d 198 (1956). In *Franks,* we recognized that "an unconstitutional act is not a law ... [but is] inoperative as though it had never been passed." 772 S.W.2d at 431. Likewise, in *Leech,* we concluded that "[a]n unconstitutional act that purports to supersede or repeal an existing law is ineffective to do so, since a void law has no force and effect." 582 S.W.2d at 740 (citing *State v. Dixon,* 530 S.W.2d 73, 74–75 (Tenn.1975)); *accord McMinn County Board of Education, supra,* 200 Tenn. at 336–37, 292 S.W.2d at 199. In each of those cases, however, the plaintiff actually brought suit challenging the constitutionality of the statute, so as to place the enactment before the courts for review.

By contrast, the constitutionality of the 1989 notification statute has not yet been challenged in this or any other court. Consequently, "[b]ecause of the presumption in favor of the constitutionality of statutes, the public and individuals are bound to observe a statute though unconstitutional *until it is declared void by an authoritative tribunal." Franks v. State, supra,* 772 S.W.2d at 431 (emphasis added; *citing O'Brien v. Rutherford County,* 199 Tenn. 642, 288 S.W.2d 708 (1956)). *See also Bayless v. Knox County,* 199 Tenn. 268, 279, 286 S.W.2d 579, 584 (1955).

The fact that a prior notification statute was determined to be unconstitutional by a trial-level court some 12 years ago does not overcome the presumption that the law as reenacted in 1989 is constitutionally valid. Because of that presumption and because of potential changes in the interpretation of constitutional principles over the years, we conclude that a reenacted provision of a statute must be challenged in a lawsuit before being declared invalid by a court. We therefore reject the state's invitation to hold the 1989 notification statute unconstitutional, and we suggest instead that in the absence of a proper court challenge, the issue is currently nonjusticiable.

## CONCLUSION

Our response to the question put to us by the Sixth Circuit Court of Appeals is as follows:

Because of an irreconcilable conflict between the provisions of the 1988 parental consent statute, T.C.A. § 37–10–303, and those of the 1989 parental notification statute, T.C.A. § 39–15–202(f), the latter statute has effectively repealed the former by implication. Under Tennessee principles of statutory construction and constitutional interpretation, the provisions of T.C.A. § 39–15–202(f) must be considered valid, unless and until they are successfully challenged before a court having jurisdiction to rule on their validity. We decline to deliver an advisory opinion on the constitutionality of either statute.

The clerk is directed to submit this opinion under seal to the Chief Judge of the United States Court of Appeal for the Sixth Circuit, in conformity with Rule 23, Section 8 of the Rules of the Supreme Court. Any costs will be divided equally between the parties.

REID, C.J., and DROWOTA, O'BRIEN and ANDERSON, JJ., concur.