Jared *et al. v.* Fitzgerald *et al.*

(*Nashville*, December Term, 1945.)

Opinion filed June 1, 1946.

WHITWORTH STOKES and LEWIS S. POPE, both of Nashville, for petitioners.

ALBERT WILLIAMS, ROBERTS & ROBERTS, ELKIN GARFINKLE, J. CARLTON LOSER, R. C. BOYCE, and JOE BROWN CUMMINGS, all of Nashville, for defendants.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The circuit judge sustained a demurrer to the petition and defendants below have appealed.

The petition seeking to have the Davidson County Democratic Primary Election held on November 15, 1945, declared illegal and void, was filed on December 22, 1945, by some seventy-seven residents of Davidson County as members of the Democratic party and as citizens and taxpayers of said county. No candidate in said primary joined in the petition. It was filed against the members of the Davidson County Executive Committee, which includes the members of the Davidson County Primary Committee, and all candidates, whether successful or unsuccessful, who participated in said primary.

The petition undertook to set out many violations of the general primary elections law and of Chapter 738 of the Private Acts of 1927 (this Act being applicable to Davidson County), so as to render the primary election void.

No attack is made on the fairness of the result of the primary; or, in other words, it is not claimed that the candidates nominated did not in fact receive a majority

of the votes legally cast; and there is no charge of fraud and no averment that the result would have been different in the absence of the illegalities contended for by the petitioners.

■ It might be observed here that where the charge is made that.an election is void because of illegal votes, it must affirmatively appear from the petition that a sufficient number of illegal votes were cast to change the result of the election. *Maloney* v. *Collier*, 112 Tenn. 78, 83 S. W. 667; *Morrison* v. *Buttram*, 154 Tenn. 679, 290 S. W. 399.

There is no charge of fraud or that the election was so illegal and fraudulent as to vitiate the whole election. *State ex rel. Davis* v. *Kivett*, 180 Tenn. 598, 177 S. W. (2d) 551.

■ As before stated, no candidate in the primary election of November 15, 1945, has joined in the petition in this case. The petitioners bring this suit as citizens taxpayers, and members of the Democratic party in Davidson County. There is no showing in the petition that the tax burden of petitioners was increased by the holding of said primary in the manner set forth in the petition; also, there is no showing that petitioners have, as citizens, any interest not common to the other citizens of Davidson County, and under such circumstances the suit cannot be maintained. *Patton* v. *Chattanooga*, 108 Tenn. 197, 65 S. W. 414; *Wright* v. *Nashville Gas & Heating Co.*, 183 Tenn. 595, 194 S. W. (2d) 459.

■ It is also insisted that the primary election of November 15, 1945, was void on the ground that candidates were required to accompany their application with an entrance fee to cover the expenses of the primary.

It might be further observed that no attack is made upon the constitutionality of the Private Act of 1927,

wherein it is provided that the expenses of holding primary elections shall be borne by the political party holding the same and such expenses shall be defrayed in such manner as may be provided by the governing authority of the political party.

In the instant case, there was no violation.of the Act of 1927 because of the way it provided for the expenses of the primary to be paid. No constitutional question is involved, because the constitutional prohibition against class legislation is directed against the General Assembly.

The petitioners rely chiefly on the case of *Ledgerwood* v. *Pitts,* 122 Tenn. 570, 125 S. W. 1036, wherein a primary law was stricken down because it required the candidates to pay certain sums of money in order to become candidates in the primary. The vital difference between the *Ledgerwood Case* and the instant case is that in the *Ledgerwood Case* the bill was filed before the primary attacking the statute under which it was to be held as unconstitutional. In the case at bar, the primary was held on November 15, 1945, and the bill was filed afterwards, on December 22, 1945. Here the primary had already been held; and, as before stated, there was no charge of illegality in the voting or that the election was fraudulently held.

There are other assignments of error which we have fully considered and which are overruled.

It results that we find no error in the judgment of the circuit judge and it is affirmed.

### Concurring Opinion.

Mr. Justice Neil delivered the following concurring opinion, to which all members of the Court agreed.

While I concur in the views expressed by Mr. Justice PREWITT, I am of opinion the trial court should be affirmed upon other grounds and for different reasons.

The object of the petition is (1) to have the Court declare the primary election void because it was held in violation of Chapter 738 of the Private Acts of 1927 and the general law; (2) to enjoin the county Democratic Executive Committee from certifying the returns and declaring any candidate the nominee of the Democratic Party; and (3) to have "their rights (the named parties in the suit) declared and protected by proper judgment of this Court.'

It is my view that petitioners' suit must fail because (1) the circuit court was without jurisdiction of the case; (2) the petitioners have no such rights or interests in the issues involved as entitles them to sue under the Declaratory Judgments Law, Code 1932, Section 8835 *et seq.*, and (3) the character of relief prayed for is hypothetical and remote and the decree of the Court would not be binding upon the parties plaintiff and defendant.

The petition cannot be adjudged to be an election contest because none of the defeated candidates are contesting the nomination of their successful opponents in the election. There is no averment that any citizen was deprived of his or their right to run as a candidate for any office, or that any voter was deprived of his or their right to vote, or that the votes as cast were in any sense fraudulent.

The statutes under which the election was held are considered to be valid. In *Catlett* v. *Knoxville, S. & E. Railroad Co.*, 120 Tenn. 699, 112 S. W. 559, it was held, "[that] a suit to invalidate the declared result of such election should be brought in the chancery court, which has jurisdiction of controversies of this kind."

There is no allegation in the petition of any particular right or privilege that has been violated. The petitioners fail to point out wherein any one of them has suffered any wrong or has been deprived of any legal right.

Conceding that the plan of the primary committee was illegal in that it was in violation of law to require of candidates an entrance fee, it does not appear that any of the petitioners desired to be candidates in the election, nor is it alleged that they were deprived of the right to vote for any person who desired to run in said election without paying a qualification fee, or for any other alleged irregularity.

Had petitioners filed their petition in the chancery court to enjoin the holding of the primary election because of the alleged illegality of the plan as announced by the primary committee, it would have presented a justiciable issue. It is not true, as alleged in the petition, that all candidates were compelled to pay a qualifying fee. Each and every one could have sought an injunction to restrain the committee from requiring it on the ground that it was unlawful to do so. It does not appear from the petition that any citizen demanded of the primary committee the right to become a candidate without paying an entrance fee.

Now, conceding, but not deciding, that it was illegal to demand a qualifying fee, if all citizens who desired to run paid the required fee and the election was otherwise free from fraud, we fail to see wherein the petitioners or the general public have suffered any wrong. Such state of facts in no event presents a justiciable question.

In Anderson on Declaratory Judgments, Sec. 61, p. 174, it is said: "A declaratory judgment will not determine the rights of parties upon a state of facts which

has not arisen, nor upon a matter which is speculative, future, contingent, or uncertain." Citing our own cases of *Hodges* v. *Hamblen County,* 152 Tenn. 395, 277 S. W. 901; *Nashville Trust Co.* v. *Dake,* 162 Tenn. 356, 36 S. W. (2d) 905; *Family Loan Co.* v. *Hickerson,* 168 Tenn. 36, 73 S. W. (2d) 694, 94 A. L. R. 664.

In *State ex rel. La Follette* v. *Dammann,* 220 Wis. 17, 264 N. W. 627, 103 A. L. R. 1089, it was held: "To obtain declaratory judgment, 'justiciable controversy' must exist between persons whose interests are adverse, plaintiff must have legally protectible interest in controversy, and issue involved must be ripe for judicial determination."

I have heretofore observed that the petitioner should have enjoined the holding of the primary election on the ground of illegality, if the plan was known or believed to be in violation of law. It was necessary in order to make a justiciable issue, one that involved "a legally protectible interest".

In a case involving a similar question, *McCarthy* v. *Hoan,* 221 Wis. 344, 266 N. W. 916, it was held: "Plaintiff seeking appointment by mayor to Milwaukee election commission as member of dominant political party held not entitled to declaratory relief, since neither plaintiff's nor party's rights were in controversy, and plaintiff sought merely to vindicate public right to have state laws properly enforced and administered."

Again it is said in Anderson on Declaratory Judgments, Sec. 43, p. 130: "A declaratory judgment action is not maintainable where an adjudication of a political right is involved as, for instance, where one voter seeks an interpretation of the Voter's Registration Act and attempts to sue for himself and other voters and party candidates to obtain a declaration of rights." Citing

*Board of Registration Com'rs* v. *Campbell,* 251 Ky. 597, 65 S. W. (2d) 713.

In *Dietz et al.* v. *Zimmer,* 231 Ky. 546, 21 S. W. (2d) 999, 1000, the petitioners as taxpayers and electors of Covington, Kentucky, brought suit "for a declaration of law respecting the rights of Charles Zimmer, Sr., and three other defendants, to be candidates for certain offices in the city of Covington for which they had been chosen in the municipal primary election." It was alleged that the defendants had disqualified themselves in that their conduct as candidates in the primary election was a violation of law. The court held that the averments presented no justiciable controversy.

There is no justiciable controversy between petitioners and any of the defendants, for the following reasons: (1) The defeated candidates have no controversy with their successful opponents, the primary committee, or with any of the petitioners; (2) there is no controversy between the petitioners and the successful candidates. If both successful and unsuccessful candidates entered the primary by complying with all requirements of the primary committee, and in the present suit no one of them claims any injury, it follows that no justiciable issue is involved; (3) there is no controversy, legal or otherwise, between petitioners and the primary committee (a) because prior to the election the petitioners made no complaint as to the alleged illegality of the plan of election and made no request that said plan be changed; (b) the petitioners did not apply to the primary committee for leave to run for any office, with or without paying a qualifying fee; and (c) the petitioners are in no way wronged, nor is any member of the public, if all who desired to run for office in the primary paid a qualifying fee and otherwise complied with the plan for holding the election.

Counsel for petitioners practically concede that there is no justiciable question before the Court, as shown by the following argument in their printed brief: "This is a case of great public interest, and so far as the writer of this brief knows there is absolutely no partisan politics that motivated the bringing of the suit. It is not directed towards any one individual, but to the system. It is motivated only by a desire to have the rights of the people to participate in legal elections preserved and conserved; to have declared the supremacy of the law and to have those whose official duty it is to administer the same to know that the law and constitution of this land is still supreme and must be recognized and adhered to by those whose duty it is to perform official acts, and especially and peculiarly so when dealing with popular elections which are the very life of a Democratic form of government like ours."

We are thus asked to entertain a suit for a declaratory judgment that is "not directed to any one individual, but to the system." I know of no case, and certainly none has been cited by counsel, holding that a citizen may file a bill for himself and on behalf of the general public for a declaratory judgment, its sole purpose being to vindicate the public's right to have the primary election laws "properly enforced and administered." It is not the duty of any judicial tribunal to entertain a suit of this kind for the purpose of merely denouncing the acts of county election officials as being contrary to law, and that such officials must hereafter know that the law and "the Constitution of this land are still supreme and must be recognized."

I think the rule announced in *Patton* v. *Chattanooga*, 108 Tenn. 197, 65 S. W. 414, 421, to which there is no exception, determines the rights of petitioners in

the instant case. It was there held that the injury complained of must be special and "not merely an injury in common with the body of the citizens." Moreover, any decree that might be made in this case would not be binding upon the defendants except possibly in an indirect way. Those who were nominated in the primary would still have the undoubted right to publicly claim that they are in truth and in fact the nominees of the Democratic Party. The only effect of a restraining order would be that the persons nominated would not be formally certified as the nominees of the party. In no event would the decree be binding upon the acts of any succeeding primary election committee. All primary election committees hereafter might have an entirely different plan for holding an election. It thus clearly appears to me that any decree sustaining this suit would not finally and substantially settle the rights of any litigant.

For these reasons I think the judgment of the circuit court should be affirmed.