TAYLOR *v.* WILSON COUNTY *et al.*

(*Nashville,* December Term, 1948.)

Opinion filed January 17, 1949.

E. R. WOOLARD and LOUIS CHAMBERS, both of Lebanon, for appellants.

W. D. BAIRD and WILLARD HAGAN, both of Lebanon, for appellee.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

By Chapter 34 of the Private Acts of 1945, a General Sessions Court for Wilson County is created. It makes no provision about an officer waiting on this Court. The Sheriff of that County, H. M. Taylor, either shortly before or after his term of office expired made application to the County Judge for payment of compensation for waiting on that Court a stated number of days during his term of office. The application having been denied, some months later the Sheriff instituted this suit for judgment against the County for the rendering of these alleged services.

The County insisted by its answer that the Sheriff was not entitled to any compensation for waiting on this Court. Its main insistence is predicated upon the assertion that it is only a substitute for the Justice of the Peace Court, and is not a Court of record.

The Chancellor held that under the Code sections hereafter mentioned the Sheriff was entitled to compensation for each of those days during a substantial portion of which he rendered services to this Court and referred the case to the Master to take proof and report as to how many days services were actually rendered during a substantial portion of the day.

The County appealed and the Court of Appeals affirmed the Chancellor and remanded the case for further pro-

ceedings. Hence, the County has filed this petition for *certiorari* renewing here the insistences made in the two Courts below.

Code Section 696 provides:

"It is the sheriff's duty: . . .

"(2) To attend upon all the courts held in his county when in session; to cause the courthouse or courtroom to be kept in order for the accommodation of the courts; to furnish them with fire and water, and to obey the lawful orders and directions of the court."

Code Section 10707 provides that the Sheriff "is allowed to demand and receive for the following services the fees attached: . . .

"(8) For attending on grand jury, or waiting on court, per day........$4.00."

This undoubtedly is one of those inferior Courts which Article 6, Section 1 of the Constitution authorized the Legislature to create, so there is no reason why the code sections above quoted making it the duty of the Sheriff to "attend upon all the courts held in his county when in session" should not apply. We do not agree with the insistence of the County that this is merely a Justice of the Peace Court. It is the Court of all the Justices of the Peace in the County. In some instances one Justice of the Peace cannot try a certain character of cases which other Justices of the Peace may try. For instance, a replevin suit must be tried in the district where the property is found. Suits based on contract shall be returned to the district in which the plaintiff lives, while those based on tort must be returned to the defendant's district. The one General Sessions Court, however, has jurisdiction of all these causes of action, and is a very busy Court.

■ We know as a matter of common knowledge that there is just as much need in a Court of this character for an officer to keep order and to see that the orders of the Court are obeyed and to wait on the Court in the many matters that arise as there is for such services in other trial Courts.

The fact that this Court keeps no minutes does not make unnecessary the rendering of the services above mentioned. The code sections above referred to made it the duty of the Sheriff to wait on this Court. He should not be required to render this service without compensation.

On the other hand, the Judge of the General Sessions Court is entitled to the protection of the executive branch of the County government in the conduct of his Court, as contemplated by the code sections mentioned.

■ There is no case exactly in point in so far as we have been able to find. *Remine* v. *Knox County*, 182 Tenn. 680, 189 S. W. (2d) 811, was a case in which a Private Act fixed the compensation of the officers for waiting on a General Sessions Court of Knox County at a larger per diem than that provided for by the general statutes. It was, therefore, attacked as being invalid class legislation, in conflict with the general law. This Court held the Act to be unconstitutional in that it "purported to award to this officer compensation in excess of that fixed by the general law." 182 Tenn. page 682, 189 S. W. (2d) page 812. Now if the general law did not apply upon this question to the General Sessions Court then the Act would not have been unconstitutional for the reason held. It is our opinion that the Chancellor and the Court of Appeals were correct in holding that under the code sections mentioned it was the duty of this Sheriff to wait on

this Court, and the right of the sheriff to collect the compensation provided by the general law for performing the required duty of attending the Court and waiting upon it for a substantial portion of the day.

The writ is denied.

All concur.