STATE *ex rel.* HOWELL, Atty. Gen. *v.* SENSING.

(*Nashville,* December Term, 1948.)

Opinion filed July 9, 1949.

F. S. HALL, Dickson, for appellant.

W. M. LEECH and RAY STUART, Charlotte, for appellee.

MR. JUSTICE GAILOR delivered the opinion of the Court.

The bill in this cause was filed under Code Section 9336 et seq., to test the right of Defendant to hold office as a member of the Board of Education of Dickson County.

In the General Election in August 1944, the Defendant was elected a Justice of the Peace for the 8th Civil District of that County. Thereafter, in 1946, a vacancy occurred in the Board of Education and Defendant tendered his resignation as Justice of the Peace and was elected by the County Court to the vacancy. His resignation had not been accepted at the time of his election.

In a Chancery cause, similar in all respects to the one before us, his eligibility to hold the office was attacked, and by a final decree the Chancellor held the Defendant ineligible and his election void under Code Section 2318:

"No member of the Quarterly County Court nor any other county official shall be eligible for election as a member of the county board of education."

After the aforesaid decree and after Defendant's resignation as Justice of the Peace had been accepted and his successor elected and qualified, the County Court again elected the Defendant a member of the Board of Education to fill the unexpired term. The present suit is an attack on the eligibility of the Defendant under this second election.

After overruling a demurrer and hearing the cause on bill and answer, the Chancellor again decreed that the Defendant was ineligible and his election void.

From this decree Defendant has perfected appeal which presents two questions:

(1) Whether the Chancery Court has jurisdiction to hear this cause, since the Defendant alleges that it is an election contest.

(2) Whether the fact that Defendant was a member of the County Court when the original vacancy in the Board of Education occurred, rendered him ineligible for the term, as held by the Chancellor in a careful and clear opinion, or whether, as insisted by the Defendant, his resignation from the Court, the acceptance of his resignation and the election of his successor, prior to his election as a member of the Board of Education cured Defendant's ineligibility.

As to the first question, we hold that this is not an election contest. The validity of the election is not questioned. There is no attempt to go behind the returns, to recount the votes or otherwise to asail the manner and form of the election. It is only the eligibility of the defendant to hold the office, which is under attack. Such being the limit and purpose of the suit, the jurisdiction of the Chancery Court to hear and decide the cause in a proceeding in the nature of a *quo warranto* falls within the jurisdiction granted in the first subsection of Section 9336 of the Code, which provides that this form of action lies,

" (1) Whenever any person unlawfully holds or exercises any public office or franchise within this state, etc."

This view is supported by many Tennessee cases; *Maloney* v. *Collier,* 112 Tenn. 78, where at page 96 et seq. 83 S. W. 667, at page 671, a number of earlier cases are reviewed; *State ex rel.* v. *Bratton et al.,* 148 Tenn. 174,

253 S. W. 705; *State ex rel.* v. *Hammons*, 163 Tenn. 290, 43 S. W. (2d) 395.

As to the second question, we think the Chancellor correctly held that the case was controlled by *Day* v. *Sharp*, 128 Tenn. 340, 161 S. W. 994. In that case, a County Trustee was elected for Claiborne County at the regular August election. He was given a certificate of election and presented himself to the "inducting authority" (not named in the opinion). At this point the incumbent Trustee, who had not been a candidate for re-election, protested his induction on the ground that he was at the time of his election, a defaulter to the Treasury. "The inducting authority" held that on account of this default the candidate was ineligible to hold the office of Trustee, and that there was a vacancy in the office. He so certified to the Quarterly County Court. That body proceeded to an election, but before the election the defaulter paid up all monies that he owed, became a candidate before the Quarterly County Court and was again elected to the office of County Trustee. Sharp again appeared before the "inducting authority" with his certificate of election, to be inducted into the office, and thereupon Day, as a citizen and taxpayer of the county, interposed his petition of resistance. It was held in the reported case, that the repayment by Sharp of the money for which he was in default, did not cure his ineligibility, but that being ineligible at the time of the General Election, he remained so for the term. After considering a number of cases from other jurisdictions, the Supreme Court said, speaking through Mr. Justice Williams:

"Office for a term has been described as an entity insofar as that a removal, for disqualification, of an

officer does not operate to divide the term or create a new and distinct one. 'In such a case the successor is filling out his predecessor's term; and, when the defendant re-entered the office and undertook to exercise its duties, he was simply serving a portion of the very term which the court had decided he was unfit to hold.' *State* v. *Rose, supra* [74 Kan. 262, 86 P. 296, 6 L. R. A., N. S., 834, 10 Ann. Cas. 927]. . . .

"Office or election to office being thus conceived of as implying not merely place but term or tenure as well, we are of opinion that the reasoning of the courts in the above-cited cases applies here; and that, under the provision of the statute to the effect that the election to office 'of any such person (defaulter) shall be void,' and election of Sharp at the polls in August, 1912, if assumed, was not nullified for a period less than the prescribed term of the office, so far as Sharp was concerned as beneficiary *His default and consequent disqualification did not merely affect a part of the term. The result is that he was not eligible to be elected by the Quarterly County Court to hold the remnant of that term."* *Day* v. *Sharp*, 128 Tenn. 340, 346, 348-349, 161 S. W. 994, 996. (Italics ours.)

The foregoing is authority for the proposition that the word "office" connotes "office for a term," and that "term" is an entity and indivisible. cf. *State ex rel.* v. *Crump*, 134 Tenn. 121, 183 S. W. 505, L. R. A. 1916D, 951. The exact language of the proscription in Code Section 2318 is that no member of the Quarterly Court "shall be eligible for election," so that removal of disqualification after the term had commenced and the vacancy had occurred, did not serve to remove the De-

fendant's ineligibility. Compare 22 R. C. L., Public Officers, Section 43, et seq.

The assignments of error are overruled and the decree affirmed.

All concur.