BICKFORD *et al. v.* SWAFFORD.

(*Knoxville*, September Term, 1952.)

Opinion filed December 5, 1952.

O. W. McKENZIE, of Dayton, and R. S. CLEMMER, of Pikeville, for complainants.

TOLLETT SWAFFORD, of Pikeville, T. A. GREER, JR., of Dunlap, and CARLYLE S. LITTLETON, of Chattanooga, for defendant.

482

Mr. Justice Prewitt delivered the opinion of the Court.

There are three causes involved in this litigation and they were consolidated and tried together. The controversy revolves around the office of General Sessions Judge for Bledsoe County. It is conceded that the defendant Tollett Swafford was the successful candidate in the popular election by a substantial majority but it is contended and admitted that he was only twenty-seven years old when he was elected and a certificate of election given him, when the minimum age requirement for the office, as provided by law, is thirty years. The result of the hearing on the three causes was that the Chancellor ordered an injunction issued against the defendant restraining him from performing any of the duties of the office.

The first bill was filed by a number of residents and taxpayers of Bledsoe County against Mr. Swafford to enjoin him from taking office as Judge of the General Sessions Court on the ground that he was under thirty years old and was disqualified under the Constitution. A demurrer was filed to the bill on the ground that the

complainants did not have a justiciable interest in the cause of action, and that such a suit could only be brought by the District Attorney General.

We think the Chancellor was correct in sustaining the demurrer. *Jared* v. *Fitzgerald,* 183 Tenn. 682, 195 S. W. (2d) 1; *Skelton* v. *Barnett,* 190 Tenn. 70, 227 S. W. (2d) 774.

The second bill was filed by Robert S. Clemmer against the defendant Swafford, setting out that the complainant was the incumbent Sessions Judge and although not a candidate in said election, he was entitled to hold over on account of the fact that the defendant was disqualified from holding said office by reason of his age disqualification.

The Chancellor properly dismissed this bill on the ground that complainant as incumbent holdover cannot maintain the suit, as suits of this character must be brought by the state in the name of the District Attorney General. *Hyde* v. *Trewhitt,* 47 Tenn. 59, 60; *Adcock* v. *Houk,* 122 Tenn. 269, 122 S. W. 979.

In the third and last case, the bill was filed by the state on relation of the District Attorney General. This suit was sustained by the Chancellor and he made the temporary injunction permanent against the defendant.

The complainants appealed the first two suits and the defendant appealed the last one.

We find no error in the sustaining of the third and last bill. This was in no sense an election contest and the proper official of the state filed the bill to carry out the mandate of the Constitution. *Jared* v. *Fitzgerald,* supra; *Skelton* v. *Barnett,* supra.

It results that we find no error in the decree of the Chancellor and it is affirmed.