THRASHER, JUDGE, *et al. v.* LIVELY *et al.*

(*Knoxville,* September Term, 1953.)

Opinion filed December 11, 1953.

R. P. FRIERSON, of Chattanooga, for complainants.

MOORE & MOORE, of Chattanooga, for defendants.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This was a proceeding brought to challenge the constitutionality of Chapter 25, Private Acts of 1953, by which the salaries of three judges of the Court of General Sessions of Hamilton County were raised from $5,000 to $6,000, to become effective during the term for which they were elected. The Chancellor struck down the Act as unconstitutional.

The sole question presented here is whether a general sessions judge is a judge of an inferior court, as contemplated by our Constitution.

Article 6, Section 7 of the Constitution of Tennessee provides:

"The Judges of the Supreme or Inferior Courts shall, at stated times, receive a compensation for their services, to be ascertained by law, which shall not be increased or diminished during the time for which they are elected."

Of course, if these judges are not judges of inferior courts, as contemplated by the Constitution, then it was

within the power of the Legislature to raise their salaries by proper enactment.

The general idea of a General Sessions Court is that there is a consolidation of the powers of the justices of the peace in the counties affected. Some of the Acts creating general sessions courts give these courts more powers than others, so then, we do not think the true test of whether these courts are inferior courts within the meaning of our Constitution is on account of the powers conferred but rather upon the ground that in all of the acts creating such courts, the powers and jurisdiction of the several justices of the peace are lodged in one general sessions court.

In *Bickford* v. *Swafford*, 194 Tenn. 481, 253 S. W. (2d) 557 this Court dealt with judges of courts of general sessions and although discussing other questions, appears to have treated as a matter of course a judge of a court of general sessions as a judge of an inferior court within the constitutional sense, and in the case of *Taylor* v. *Wilson County*, 188 Tenn. 39, 216 S. W. (2d) 717, this statement is made:

"This (General Sessions Court) undoubtedly is one of those inferior Courts which Article 6, Section 1 of the Constitution authorized the Legislature to create, * * *."

The Legislature has from time to time created inferior courts under this provision of the Constitution, such as the Probate Court of Shelby County, Juvenile and Domestic Relations Court in Knoxville.

In *Taylor* v. *Wilson County*, supra, this Court said:

"This undoubtedly is one of those inferior Courts which Article 6, Section 1 of the Constitution authorized the Legislature to create so that there is no reason why the code sections above quoted making it the duty of the Sheriff to 'attend upon all the courts held in his county

when in session' should not apply. We do not agree with the insistence of the County that this is merely a Justice of the Peace Court. It is the Court of all the Justices of the Peace in the County. In some instances one Justice of the Peace cannot try a certain character of cases which other Justices of the Peace may try. For instance, a replevin suit must be tried in the district where the property is found. Suits based on contract shall be returned to the district in which the plaintiff lives, while those based on tort must be returned to the defendant's district. The one General Sessions Court, however, has jurisdiction of all these causes of action, and is a very busy Court.''

We think the above holding is sound; that under the above quoted provisions of the Constitution, the Judges of the Courts of General Sessions are judges of inferior courts and such being the case, their salaries cannot be increased nor diminished during the time for which they are elected.

It results that the decree of the Chancellor is affirmed.