STATE of Tennessee, ex rel. W. B. DYE, Jr., Appellants,

v.

William J. RAWLS, Appellee.

Supreme Court of Tennessee.

Nov. 6, 1978.

George E. Barrett, Charles R. Ray, Nashville, for appellants.

Charles H. Beaty, Gallatin, for appellee.

## OPINION

COOPER, Justice.

W. B. Dye, a citizen of Portland, Tennessee, filed an action in the Chancery Court of

Sumner County seeking to oust the defendant, William J. Rawls, from the office of Mayor of Portland. The District Attorney General for the Ninth Judicial Circuit, which includes the City of Portland, joined in the action. The basis of the quo warranto action was the charge that the defendant is not qualified to serve as mayor since, at the time of his election, he had not been a bona fide resident and citizen of the City of Portland for two years, as required by Article III, Section 1, Paragraph 1, of the charter for the City of Portland.

On considering a motion to dismiss, the chancellor concluded that the action, though on its face a quo warranto proceeding, was in reality an election contest. He then dismissed the action on the grounds appellant was not of the class of persons given the right to file an election contest and the action had not been filed within the statutorily prescribed ten day limitation period for election contests. *See* T.C.A. §§ 2–1701 and 2–1705.

The ultimate question on appeal is: Can the qualifications of an elected official to hold office be challenged in a quo warranto proceeding, where a charged disqualification is one that existed at the time the office holder was elected?

This court has held on numerous occasions that a quo warranto action is a proper vehicle to challenge the qualifications of an elected official to hold the office to which he was elected, whether the alleged disqualification existed at the time of the election or came into existence after the office holder undertook to perform the duties of the office. *See State v. Dunn*, 496 S.W.2d 480 (Tenn.1973); *Bickford et al. v. Swafford*, 194 Tenn. 481, 253 S.W.2d 557 (1952); *State v. Sensing*, 188 Tenn. 684, 222 S.W.2d 13 (1949). This court also has held that under proper circumstances, a challenge to the eligibility of a successful candidate to serve in the office to which he has been elected can be by way of an election contest. *Hatcher v. Bell*, 521 S.W.2d 799 (Tenn.1974). However, the holding in the *Hatcher* case in no way limited the use of a quo warranto proceeding to test an officeholder's qualifi-

cations. In fact, it was expressly pointed out that:

> [T]here is no basis in reason why the same circumstance—that is, the constitutional [in this case statutory] disqualification of the candidate receiving the highest number of votes in an election—can not be the predicate of an election contest as well as a quo warranto proceeding, depending on the party filing, the ultimate purpose of the proceeding, and the time of filing. The circumstance, if proven, would be determinative of the validity of the election, which is the target of an election contest. It also would be determinative of the right of the successful candidate to hold the office to which he is elected, the target of a quo warranto proceeding.

The case of *DeHoff v. Attorney General et al.*, 564 S.W.2d 361 (Tenn.1978) cited by the chancellor in dismissing appellant's action does not in any way limit the methods of challenging the qualifications of an elected official to serve in the office to which he was elected. It does no more than hold that where the target of an action is the validity of an election, as contrasted to the elected official's right to hold the office to which he is elected, the action is an election contest and is subject to the limitation period prescribed for election contests. That holding is in full accord with the statements set forth in the above quotation from Hatcher.

In the instant case, the challenge is to the right of the appellee to serve as mayor of the City of Portland. The proper vehicle for such a challenge is a quo warranto action. Being a citizen of Portland, appellant is of the class that, when joined by the District Attorney General, can bring a quo warranto action. Appellant filed such a proceeding and is entitled to have the issues litigated.

The decree of the chancellor dismissing the action is reversed. The action is remanded to the Chancery Court of Sumner County for trial. Costs incident to the ap-

peal are adjudged against the appellee, William J. Rawls.

HENRY, C. J., and FONES, BROCK and HARBISON, JJ., concur.