IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
FEBRUARY 14, 2001 Session

**MARCUS MOONEYHAM v. HAROLD E. CATES**

**Appeal from the Circuit Court for Cocke County**
**No. 22,859 II    W. Dale Young, Judge**

**FILED MAY 9, 2001**

**No. E2000-01337-COA-R3-CV**

Marcus Mooneyham, former General Sessions Judge of Cocke County, seeks by this suit to recover a mental health commitment supplement which he contends he is entitled to receive by virtue of his position as Juvenile Judge. The Trial Court found adversely, and further found that because he was not acting in good faith he was required to repay the County $8912.94. We affirm the judgment of the Trial Court that he was not entitled to the supplement he claimed and was required to repay the County the sum assessed.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JJ., joined.

William M. Leibrock, Newport, Tennessee, for the Appellant, Marcus Mooneyham

J. Kenneth Porter, Newport, Tennessee, for the Appellee, Harold E. Cates

**OPINION**

In this suit, Marcus Mooneyham, a non-lawyer, who was General Sessions Judge for Cocke County from 1974 to 1998, seeks payment for supplemental pay he contends he is entitled to by virtue of a supplement provided for juvenile judges who exercise jurisdiction as to mental health commitments.

The Trial Judge held under the authority of Wilson v. Johnson County, 879 S.W.2d 807 (Tenn. 1994), that because Judge Mooneyham was not a lawyer he was not entitled to that supplement. He did, however, hold that Judge Mooneyham was entitled to the supplement accorded him because of the domestic relations jurisdiction he exercised in the amount of $5000 per year, or $40,000 for his term as Domestic Relations Judge. He further found, upon reviewing the stipulation of the parties, that Judge Mooneyham received $8912.94 to which he was not entitled, and because

it was not received in good faith, rendered judgment against him in favor of the County in that amount. He did not, as represented in Judge Mooneyham's brief, award the County pre-judgment interest. Judge Mooneyham appeals, raising the following four issues:

I.  THE TRIAL JUDGE ERRED IN ITS RULING BY IGNORING THE APPELLATE JURISDICTION IN MENTAL HEALTH MATTERS AND THEREBY FAILING TO FIND THAT THE APPELLANT WAS ENTITLED TO THE MENTAL HEALTH PAY SUPPLEMENT.

II.  THE TRIAL COURT ERRED IN ORDERING THE APPELLANT TO REPAY $8912.94 FOR MONIES RECEIVED IN GOOD FAITH AS GENERAL SESSIONS JUDGE FOR EXERCISING JURISDICTION IN MENTAL HEALTH MATTERS AND FOR EXERCISING DOMESTIC RELATIONS JURISDICTION IN DOMESTIC RELATIONS MATTERS.

III.  THE TRIAL COURT ERRED IN DENYING THE APPELLANT THE PAY SUPPLEMENTS FOR THE EXERCISE OF JURISDICTION IN DOMESTIC RELATIONS MATTERS AND MENTAL HEALTH MATTERS FOR HIS FULL TERM IN OFFICE.

IV.  THE TRIAL COURT ERRED IN REFUSING TO GRANT TO APPELLANT HIS REASONABLE ATTORNEY'S FEES.

Addressing issue number three first, it is our understanding from the record that Judge Mooneyham received credit for supplemental pay in connection with his domestic relations and mental health jurisdiction.

For the most part the facts necessary for disposition of this appeal are stipulated, such as the amounts Judge Mooneyham was paid by the County during his term of office, the amounts he received as juvenile jurisdiction supplement, and as mental health commitment supplement, the latter being for 49 months until payment was stopped by the County Executive.

The County in its brief relies upon the following passage from Wilson to support the Trial Court's reliance thereon (at page 811):

Because jurisdiction over mental health commitments may only be exercised by a general sessions judge who is a licensed attorney, it would contravene legislative intent to require general sessions judges who are licensed attorneys to assume an increased workload, "by operation of law," while denying any increased compensation. By contrast, when a non-lawyer general sessions judge is presented with an issue involving a mental health commitment, additional

public funds are required to compensate a referee to determine the mental health question which the lay judge may not consider.

In response, Judge Mooneyham points out that the foregoing statement is dicta in that Judge Wilson was a lawyer. It is our view, however, that the statement of the Supreme Court as to non-lawyers is predicated upon T.C.A. 37-1-203, mentioned earlier in the opinion, which provides the following:

> **37-1-203. Jurisdiction of general sessions court.** – The general sessions courts shall exercise juvenile court jurisdiction in all of the counties of this state except in the counties or municipalities in which juvenile courts are or may hereafter be specially provided by law; provided, that only general sessions court judges who are attorneys may order commitment of a delinquent child to the department of children's services.

Notwithstanding the foregoing, Judge Mooneyham contends that he is not required to repay monies received because he was acting in good faith, and that under the authority of Bayless v. Knox County, 286 S.W.2d 579 (Tenn. 1955); Franks v. State, 772 S.W.2d 428 (Tenn. 1989); and State v. Harmon, 882 S.W.2d 352 (Tenn. 1994), he is entitled to keep the monies paid. This brings us to the only factual dispute in this appeal.

The proof with regard to this point is disputed. The record shows that three motions came before the Cocke County Commission bearing on the subject. The first motion, at a November 1991 meeting, was "to fund back pay and then fund regular salary for supplement for the Sessions Court Judge." This motion passed with 12 members voting "Aye," and two not voting. The second motion, at an August 1994 meeting, was "to remove the $10,000 supplement for the Sessions Court Judge effective September 1, 1994." This motion failed with 10 members voting "Nay," two members voting "Aye," and two members passing. The third motion, at a September 1994, meeting was to "ask the County Attorney to file a petition for a declaratory judgment to determine the appropriate salary that should be paid to the General Sessions Judge in Cocke County." This motion failed with five members voting "Aye," eight "Nay," and one absent.

The only material dispute as to the good faith issue is whether Judge Mooneyham told the Cocke County legislative body prior to the motion passed in November 1991 above referenced that he would repay the money if he was not entitled to it. Members of the Commission, Jim Graham, Terry Hux[1] and County Executive Harold Cates, testified that he made such a statement. Judge Mooneyham testified that he did not, but did not present any other members of the legislative body or any other witnesses who may have been present to support his position.

---

[1] The testimony of Commissioner Hux is particularly compelling in that he voted favorably to Judge Mooneyham's position as to all three motions.

In ruling on this disputed matter the Trial Judge made the following finding:

The parties stipulated most of the relevant facts in this case.

The only relevant factual dispute which could impact on the issues before the Court is whether the Cocke County Legislative Body relied on an alleged oral promise of Judge Mooneyham to repay all funds received by him in connection with any mental health supplement in the event it should be later determined that he was not entitled to those funds.

Judge Mooneyham testified that he made no such promise to repay. Members of the Cocke County Legislative Body, including the former County Executive, Honorable Harold Cates, testified affirmatively that such promise was made to the County Legislative Body by Judge Mooneyham at the time the Cocke County Legislative Body authorized the appropriation of funds for payment to Judge Mooneyham for the mental health supplement.

Defendant's witnesses affirmatively testified that not only did Judge Mooneyham make the promise but that the Cocke County Legislative Body relied on that promise in passing the Resolution to authorize payment of the mental health supplemental funds. The Court finds that Trial Exhibit 9 makes no mention of Judge Mooneyham's promise to repay any funds.

As to the one material fact in dispute in this case, the Court finds that Judge Mooneyham did make such a promise and that the Cocke County Legislative Body relied on that promise in making its decision as to whether to pass the Resolution authorizing payment of the funds. In making such finding, it should be clear that the Court does not find that Judge Mooneyham was being dishonest with the Court when he testified to the contrary. Oftentimes, when two people see and observe the same act or incident, they often will see or hear it differently, depending on many, many factors, specifically including, but not by way of limitation, one's mental attitude about a task at hand, his genuine and sincere belief about a particular set of facts and whether he is involved as a party to the transaction or merely a casual observer. Our "point of view" frames every word we speak and every action we take.

The Court is of the opinion that Judge Mooneyham is a believable, thoughtful person, but that the greater weight of the evidence on this issue causes the Court to conclude that its more likely true than not that he communicated to the Cocke County Legislative Body his willingness to repay any funds to which he was not entitled. Without dispute, the Cocke County Legislative Body relied on that promise. (Footnotes omitted.)

-4-

Although the Trial Judge did find that Judge Mooneyham was not "being dishonest with the Court when he testified to the contrary," he nevertheless clearly found that the statement was made.

In addition thereto, after the motion was passed in November 1991, authorizing the supplement pay to Judge Mooneyham, he prevailed upon State Representative R. E. Davis to pass a Private Act authorizing payment. This Act, however, was never ratified by the Cocke County legislative body. Still later, he went with the Juvenile Court Referee, who was a lawyer, to Senator Tommy Haun and prevailed upon him to introduce a general Act to accomplish the same purpose. This bill was never enacted.

Given the foregoing facts, we cannot find as required by Tenn.R.App.P. 13 that the evidence preponderates against the Trial Court's finding on the question of Judge Mooneyham's good faith.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of the judgment and costs below. Costs of appeal are adjudged against Judge Mooneyham and his sureties.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE