**PLANNED PARENTHOOD ASSOCIATION OF NASHVILLE, INC., et al.**

v.

**Ned McWHERTER and Charles Burson.**

No. 3–89–0520.

United States District Court,
M.D. Tennessee,
Nashville Division.

July 24, 1989.

Larry D. Woods and Irwin Venick of Woods & Woods, Nashville, Tenn., Barbara E. Otten, Dara Klassel, Roger K. Evans, Eve W. Paul, of Planned Parenthood Federation of America, New York City, Edward Kaplan, Teresea J. Sigmon of Armstrong, Allen, Prewitt, Gestry, Johnston & Holmes, Memphis, Tenn., Barry Friedman, ACLU Foundation of Tennessee, Vanderbilt University, School of Law, Nashville, Tenn., for plaintiffs.

Michael Catalano, Office of the Atty. Gen., Nashville, Tenn., for defendants.

### · REVISED MEMORANDUM OPINION

JOHN T. NIXON, District Judge.

Pending before the Court is plaintiffs' motion for declaratory and injunctive relief to prevent defendants from enforcing the Parental Consent for Abortions by Minors Act, Tenn.Code Ann. §§ 37–10–301 through 37–10–307 (Supp.1988) enacted by the Tennessee Legislature in the 1988 Session, which becomes effective tomorrow, July 1, 1989.

### I. BRIEF SUMMARY OF THE STATUTE

In 1988, the Tennessee Legislature enacted legislation, which has since been codified at Tenn.Code Ann. §§ 37–10–301 through 37–10–307, which I will refer to as "the statute." The statute makes it a misdemeanor for any physician to perform an abortion upon an unemancipated minor unless the physician first obtains the written consent of both parents or the legal guardian of the minor.

The only exceptions to the two-parent consent requirement are if the minor's parents are divorced or if one parent is "not available" to the physician for consent "in a reasonable time and manner." Tenn. Code Ann. § 37–10–303(b). In such cases, the written consent of the parent with custody, or the parent who is available, shall be sufficient to authorize the abortion. *Id.*

If the parents refuse to consent to the abortion or neither a parent nor a legal guardian is "available" to the physician "in a reasonable time and manner," or if a minor elects not to seek parental consent, then the minor may petition a juvenile court for a waiver of the consent requirement. Tenn.Code Ann. § 37–10–303(c).

The statute requires the juvenile court to waive the consent requirement and allow

the abortion if the court finds either that the minor is mature and well informed enough to make the abortion decision on her own or that the abortion would be in the minor's best interests. Tenn.Code Ann. § 37–10–304(e).

The statute provides that the juvenile court shall rule on the minor's petition within 48 hours of the time of application, and, if the court fails to act within that time, the petition is deemed denied and immediately appealable. Tenn.Code Ann. § 37–10–304(d). The minor may then make an "expedited and anonymous appeal" to a Tennessee circuit court which shall consider the petition "de novo". Tenn.Code Ann. § 37–10–304(g). The circuit court must receive the record from the juvenile court within five days of the date that the minor files her notice of appeal and must rule on her petition within five calendar days thereafter. *Id.*

Although the statute provides that the decision of the circuit court is appealable "in an anonymous and expedited manner," no time table or procedures to preserve anonymity on appeal are given. *Id.*

The statute requests that the Supreme Court of Tennessee promulgate rules necessary to ensure that proceedings under it are handled "in an anonymous and expeditious manner." Tenn.Code Ann. § 37–10–304. On June 22, 1989, the Supreme Court of Tennessee adopted Rule 24 titled "Expedited Appeals of Denial of Consent for Abortion," effective July 1, 1989. TENN.SUP.CT.R. 24. Rule 24 gives a minor a right to commence an appeal to the Supreme Court when the circuit court denies her petition or when it fails to act in a timely manner as required by statute. *Id.* The minor must prepare and file her record in circuit court within three calendar days of the circuit court's ruling, and within three calendar days of this filing the clerk of the circuit court must transmit the record and the minor must submit a brief to the Supreme Court. *Id.* After the receipt of the minor's record and brief, the Supreme Court must hold a hearing if requested by the minor. The Supreme Court

has three days after the hearing to render its decision. *Id.*

Finally, Rule 24 sets forth that "[u]pon application and for good cause, the Supreme Court shall order the time periods prescribed in T.C.A. § 37–10–304(g) to be shortened or reduced in any case in order to ensure an expedited review. The requirement of good cause will be satisfied if the applicant shows that the requested relief will become unavailable and the issue will become moot by the passage of time unless the time periods are reduced." *Id.*

## II. PLAINTIFFS' CHALLENGE

The plaintiffs claim that the statute is unconstitutional primarily on two grounds. First, the plaintiffs assert that the two-parent consent requirement places an unconstitutional burden on a minor's right to an abortion. Second, plaintiffs contend that the judicial bypass procedure is insufficiently expeditious and anonymous to ensure that a minor's constitutional rights are preserved.

The Court shall consider the following four factors in considering whether to grant or deny this preliminary injunction:

1. The likelihood of plaintiffs' success on the merits;

2. Whether the plaintiffs have shown irreparable injury;

3. Whether the issuance of a preliminary injunction would harm others;

4. Whether the public interest would be served by issuing a preliminary injunction.

*In Re Delorean Motor Co.,* 755 F.2d 1223, 1228 (6th Cir.1985).

The Court notes that if the plaintiffs show a substantial likelihood of success on the merits that the other three factors will favor the plaintiffs as well. Thus, the Court shall focus on the first factor.

## III. LIKELIHOOD OF SUCCESS ON THE MERITS

The Court addresses this delicate issue mindful that the United States Supreme Court has recognized that a woman possesses a fundamental constitutional

right to seek an abortion. *See Akron Center for Reproductive Health v. Slaby*, 854 F.2d 852, 857 (6th Cir.1988). As to minors, constitutional rights do not mature and come into being suddenly only when one attains the state-defined age of majority. *Id.* Minors, along with adults, are protected by the Constitution. *Id.* However, the Supreme Court has long recognized that the State has somewhat broader authority to regulate the activities of children. *Id.*

The plaintiffs have established that they have a strong likelihood of success on the merits despite the Legislature's earnest efforts to carefully draft a statute consistent with the Constitution. The Court now turns to the specific areas in which the statute is likely to be found unconstitutional.

### A. *Consent of Two Parents*

As a general rule, the requirement of obtaining both parents' consent does not unconstitutionally burden a minor's right to seek an abortion when the parents and the pregnant minor live together and there is an adequate judicial bypass procedure. *Bellotti v. Baird*, 443 U.S. 622, 649, 99 S.Ct. 3035, 3051, 61 L.Ed.2d 797 (1979). The potential constitutional deficiency of the two-parent consent requirement occurs when the pregnant minor lives in a single parent home. This statute removes the two-parent consent requirement when the parents are divorced or when a parent cannot be reached by the physician within a reasonable time. Nevertheless, the statute does not remove the two-parent consent requirement in a number of situations including, for example, separated parents, parents who were never married, and incest.

The two-parent consent requirement may result in some minors going out of state to obtain their abortions, or delaying their decision and medical treatment. Gibbs Affidavit at ¶ 10; Humbert Affidavit at ¶ 8. Moreover, the Court is persuaded that many teens who ordinarily will exercise their constitutional right to an abortion upon involvement of one parent will be dissuaded from doing so by having to ob-

tain both parents' consent or a judicial waiver.

The State has failed to show that its interest in protecting a minor from her immaturity is significantly better served by a two-parent consent requirement as opposed to a one-parent requirement when the pregnant minor does not live in a two-parent home in situations such as those described above. The Court is unpersuaded that the existence of a cumbersome judicial bypass procedure vitiates the burden of the two-parent consent requirement or lessens the need to justify those burdens as necessary to further legitimate state interests. *Eubanks v. Wilkinson*, No C82-0360-L(A) at 11 (W.D.KTY. Aug. 23, 1988).

### B. *Expedition*

Pursuant to the statute and Rule 24 of the Tennessee Supreme Court, it may take the pregnant minor more than twenty-two calendar days to resolve her petition in the Tennessee Supreme Court. The loss of even twenty-two days may often push the pregnant minor into the second trimester of her pregnancy. *Akron*, 854 F.2d at 867. Although the Tennessee Legislature has made an earnest attempt to provide an expedited judicial bypass procedure, the Court finds that the time lost in the judicial bypass procedure may amount to a constitutional defect. *Id.* at 868.

The State has argued that Rule 24 is constitutional because it provides the Tennessee Supreme Court the flexibility to shorten the appellate procedure upon a showing of good cause. The Court is unpersuaded by this argument since the state statute still places the onus on the pregnant minor to specially request a constitutionally sound procedure when such procedure should already be in place.

### C. *Confidentiality*

The statute calls upon the Tennessee Supreme Court to promulgate rules necessary to ensure that the proceedings are handled in an "anonymous" manner. Tenn.Code Ann. § 37–10–304(i). Although the Supreme Court through Rule 24 addressed expedition procedures, it has yet to issue rules pertaining to anonymity. The State

cannot rely solely on the generally stated principles of confidentiality in the statute. *Akron*, 854 F.2d at 864–66.

For the foregoing reasons, the Court normally would enjoin the implementation of Tennessee Code Annotated Sections 37–10–301 through 37–10–307, which would become effective tomorrow, July 1, 1989, because of plaintiffs' substantial likelihood of success on the merits. The Court holds today, however, that a preliminary injunction is unnecessary in the present case since the Court finds the statute unconstitutionally vague on its face.

## IV. STATUTE UNCONSTITUTIONALLY VAGUE

■ Section 37–10–303(b) of the statute allows a physician to perform an abortion with the consent of only one parent if the other parent is not available to the physician "in a reasonable time and manner." Tenn.Code Ann. § 37–10–303(b). Conversely, in the absence of divorce or court proceedings, the statute prohibits a physician from performing an abortion with the consent of only one parent if the other parent *is* available to the physician "in a reasonable time and manner." *Id.*

The phrase "reasonable time and manner" is so vague as to fail to give the physician notice as to when his actions will violate the statute and subject him to criminal sanctions. The phrase's vagueness was confirmed by the State's inability to define its countours or defend its constitutionality to the Court in oral argument.[1] A statute

---

1. The full dialogue between the Court and the State regarding the phrase "in a reasonable time and manner" was as follows:

THE COURT: Let me ask you one question about the role of a physician. The physician is in the case where only one parent consents, has a reasonable time to make a determination that the other parent is not available?

MR. CATALANO: First off, Your Honor, I guess our response is, the way the statute reads, he has to intentionally, knowingly know that that parent is available, that the other parent—and that in the absence of that, that there is no violation of the statute.

THE COURT: How about the reasonable time?

MR. CATALANO: You mean in terms of what is a reasonable time period?

THE COURT: How is a physician to determine what is a reasonable time in a criminal situation?

MR. CATALANO: Well, Your Honor, I am—to be quite honest, I am not sure how he would be able to determine that.

THE COURT: If you're not sure, how can the physician be sure?

MR. CATALANO: Well, as I said, Your Honor, he has to know the individual is unavailable in order to do that. He has to—it is also our position that the judicial by-pass procedure alleviates any of the burdens that are imposed on the minor in having to go in the event that the doctor turns the individual down because he is fearful of a criminal prosecution, they can always go through the judicial by-pass.

THE COURT: All right.

\*　　\*　　\*　　\*　　\*　　\*

MR. CATALANO: This is with regard to your question about the problem with the physician, the reasonable time.

We would bring the Court's attention to the way the statute reads in terms of prosecution. The physician has to intentionally perform an abortion with the knowledge that or reckless disregard whether the person whom the abortion is performed is an emancipated minor or fails to conform to the requirements.

Once again it is our notion he has to knowingly not—I am trying to think how to say this—he has to knowingly decide after an unreasonable time period—

THE COURT: But it is still up to him to determine what a reasonable time is.

MR. CATALANO: That is correct. But he has to knowingly decide, I guess, in a sense, it is a subjective standard on his part. It has to be knowingly decided that it has gone beyond a time period—

THE COURT: You would agree there is a subjective standard in a criminal statute?

MR. CATALANO: Let me take that—I suppose it would be a subjective standard—it would be an objective standard. It would have to be knowingly that it is beyond a reasonable time. They have to prove with intent they knew it was beyond a reasonable time.

THE COURT: Do you think that a physician reading this statute would decide that it would be in his best interest to never perform a abortion on a minor child without the consent of both parents. If you were in private practice and your physician—client came to you and asked you for advice, would you feel that the best advise you could give him would be never perform under this statute, never perform a abortion on a minor without the consent of both parents, regardless of the circumstances?

MR. CATALANO: No, Your Honor. I think first after—

THE COURT: And only get one parent then send them to you?

which imposes criminal liability upon an individual without giving him notice of the criminality of his acts violates the due process requirement of the Fourteenth Amendment. *Colautti v. Franklin,* 439 U.S. 379, 390, 99 S.Ct. 675, 683, 58 L.Ed.2d 596 (1979).

Due to the uncertain meaning of the phrase "reasonable time and manner," a physician will only be able to safeguard himself from criminal prosecution by absolutely refusing to perform abortions in the absence of divorce, court proceedings, or both parents' consent, even where the physician believes one parent to be unavailable. Thus, the statute's vagueness can be expected to have a substantial chilling effect upon a minor's right to obtain an abortion.

## SUMMARY

The plaintiffs established a substantial likelihood of success with respect to their argument that the two-parent consent requirement is overbroad and that the judicial bypass procedure contains expedition and confidentiality defects. However, the Court need not enter a preliminary injunction. Instead, due to the vagueness problem for physicians and the possible chilling effect on minors' constitutional rights, the Court declares the Parental Consent for Abortions by Minors Act unconstitutional on its face, effective immediately.

An Order will be entered simultaneously with this Memorandum.

## ORDER

In accordance with the reasoning set forth in the contemporaneously entered Memorandum, the Court finds that the plaintiffs established a substantial likelihood of success with respect to their argument that the two-parent consent requirement is overbroad and that the judicial bypass procedure contains expedition and confidentiality defects. However, the

MR. CATALANO: No. I think if the parents are divorced that is quite readily ascertainable by a simple paper through a parent showing they are divorced. As for the otherwise unavailable, I think that will have to be a decision to be made by the physician.

Court need not enter a preliminary injunction. Instead, due to the vagueness problem for physicians and the possible chilling effect on minors' constitutional rights, the Court declares the Parental Consent for Abortions by Minors Act, Tenn.Code Ann. §§ 37–10–301 through 37–10–307, unconstitutional on its face, effective immediately.

But once again I say he has to know—not that he has to know the individual was unavailable but he has to perform the abortion and know that the person was available. It is not unavailable.
Transcript at 24–25, 29–31.