923 F.2d 474
 PLANNED PARENTHOOD ASSOCIATION OF NASHVILLE, INC.; Memphis
Planned Parenthood, Inc.; and Peter Cartwright,
M.D., Plaintiffs-Appellees,
v.
Ned R. McWHERTER, Governor of the State of Tennessee in his
official capacity; and Charles W. Burson,
Attorney General of the State of
Tennessee in his official
capacity,
Defendants-
Appellants.
 No. 89-6026.
 United States Court of Appeals,
Sixth Circuit.
 Argued Oct. 30, 1990.
Decided Jan. 18, 1991.
 
 1
 Teresa J. Sigmon, Edward M. Kaplan, Armstrong, Allen, Prewitt, Gentry, Johnstone & Holmes, Memphis, Tenn., Larry D. Woods, Irwin B. Venick, Woods & Woods, Barry E. Friedman, ACLU Foundation of Tennessee, Nashville, and Barbara E. Otten (argued), Planned Parenthood Federation of America, Inc., New York City, for plaintiffs-appellees.
 
 
 2
 John Knox Walkup, Sol. Gen., Andy Bennett, Deputy Atty. Gen., Michael W. Catalano (argued), Deputy Atty. Gen., Office of the Atty. Gen. of Tennessee, Nashville, Tenn., for defendants-appellants.
 
 
 3
 Before MERRITT, Chief Judge, WELLFORD, Circuit Judge, and DeMASCIO,* Senior District Judge.
 
 
 4
 ORDER CERTIFYING QUESTION TO THE SUPREME COURT OF TENNESSEE
 
 
 5
 (A) Style of the Case: Planned Parenthood, et al. v. McWherter, et al., No. 89-6026
 
 
 6
 (B) Facts:
 
 
 7
 (1) Nature of Case
 
 
 8
 The outcome of the appeal now pending before the court depends on a question of Tennessee law (more fully explained below), the resolution of which we seek from the Tennessee Supreme Court.
 
 
 9
 The State of Tennessee as the appellant in the Sixth Circuit is the "moving party" within the meaning of Rule 23, section 6, of the Rules of the Supreme Court of Tennessee and is referred to herein as the "petitioner" or "the State." Petitioner appeals to the United States Court of Appeals, Sixth Circuit, the declaration of the United States District Court, Middle District of Tennessee, that the Parental Consent for Abortions by Minors Act, Tenn.Code Ann. Secs. 37-10-301 through 307, enacted April 28, 1988, is unconstitutionally vague on its face. Respondent, Planned Parenthood Association of Nashville, Inc., et al., seeks to have the District Court's ruling upheld. Argument on the case was delayed until the U.S. Supreme Court ruled in two parental notification cases: Hodgson v. Minnesota, --- U.S. ----, 110 S.Ct. 2926, 111 L.Ed.2d 344 (1990), and Ohio v. Akron Center for Reproductive Health, --- U.S. ----, 110 S.Ct. 2972, 111 L.Ed.2d 405 (1990). Argument was heard by this Court on October 30, 1990.
 
 
 10
 The 1988 Tennessee consent statute generally requires a minor who wishes to have an abortion either to obtain two-parent consent or to obtain judicial waiver of the consent requirement through a judicial bypass procedure. The Act creates exceptions to the two-parent consent requirement if the parents are divorced or if one parent is "not available" to the physician or the physician's agent "in a reasonable time and manner," Tenn.Code Ann. Sec. 37-10-303(b), the specific language that the lower court found unconstitutionally vague. 716 F.Supp. 1064.
 
 
 11
 (2) Circumstances Out of Which the Question of Law Arises
 
 
 12
 This Court's own research prior to oral argument disclosed that in addition to the consent statute at issue on the appeal before this Court, Tennessee also has a statute requiring parental notification for minors seeking abortion, enacted in 1989 a year after the parental consent statute, codified at Tenn.Code Ann. Sec. 39-15-202(f), and cited by the U.S. Supreme Court in Hodgson, 110 S.Ct. at 2931 n. 5. The notification statute, the more recent of the statutes on abortion for minors in Tennessee, seems inconsistent with the 1988 consent statute. The notice statute states that the requirement for notification "shall in no way be construed to mean, provide for, or authorize parental objection to, in any way, prevent or alter the decision of the minor to proceed with the abortion." Tenn.Code Ann. Sec. 39-15-203(f)(1). This directive appears to conflict with the consent statute's explicit provision for substituting the parents' consent for the consent of the minor and the consent statute's consequent authorization of parental objection to the minor's decision. In addition, the notice statute requires notice in all cases, whereas the consent statute allows a minor to proceed without notice or consent if she elects to use the judicial bypass procedure. See Tenn.Code Ann. 37-10-304(b) for provision of judicial bypass procedure requiring anonymity for minor.(3) Question of Law
 
 
 13
 Before ruling on the constitutionality of the consent statute, this Court needs to know the effect, if any, of the later notification statute, Tenn.Code Ann. Sec. 39-15-202(f), on the earlier consent statute, Tenn.Code Ann. Secs. 37-10-301 through 307. Which of the provisions of the two statutes respecting parental notification and consent, if any, is in effect under Tennessee statutory and constitutional principles of interpretation?
 
 
 14
 (4) Other Information Relevant to the Question of Law
 
 
 15
 Also included with this Certification Order is a copy of the District Court Opinion and Order and a copy of the transcript of the debates in the State Senate on the 1989 notification statute, a transcript furnished by the State as evidence of the legislative intent. The State concedes that the legislative debates indicate that the 1989 parental notification statute "was intended to replace the law of parental consent," Supplemental Brief filed December 18, 1990, but argues that the 1989 statute is otherwise invalid.
 
 
 16
 This Court stands ready to forward any portions of the record requested by the Tennessee Supreme Court. We would point out, however, that because the potential conflict between the 1988 and 1989 Tennessee statutes was not raised or discussed until oral argument, the only part of the record dealing with this issue are the short Supplemental Briefs filed by the parties in December 1990.
 
 
 17
 (C) Names of Parties:
 
 
 18
 Planned Parenthood Association of Nashville, Inc. Memphis Planned Parenthood, Inc., and Peter Cartwright, M.D.
 
 
 19
 Ned. R. McWherter, Governor of the State of Tennessee, and Charles Burson, Attorney General of the State of Tennessee.
 
 
 20
 (D) Names, Addresses, and Telephone Numbers of Counsel for both parties:
(1) Counsel for Petitioners (2) Counsel for Respondents
Charles W. Burson Edward Kaplan
Attorney General and Teresa J. Sigmon
Reporter Armstrong, Allen, Prewitt,
 Gentry, Johnson & Holmes
John Knox Walkup One Commerce Square
Solicitor General Memphis, Tennessee 38103
 (901) 5238211
Andy D. Bennett
Deputy Attorney General Barry Friedman
450 James Robertson Parkway ACLU Foundation of TN.
Nashville, Tennessee 372430485 c/o Vanderbilt University School of Law
 Nashville, Tennessee 37240
Michael W. Catalano (615) 3222615
Deputy Attorney General
450 James Robertson Parkway Barbara E. Otten
Nashville, Tennessee 372430485 Dara Klassel
 Roger K. Evans
 Planned Parenthood
 Federation of America, Inc.
 810 Seventh Ave.
 New York, New York 10019
 (212) 5417800
 Larry Woods
 Irwin Venick
 Woods & Woods
 121 17th Ave South
 Nashville, Tennessee 37203
 (615) 2593466
 
 
 21
 (E) Designation of one of the parties as the moving party:
 
 Moving party (Petitioner):
 
 22
 The State of Tennessee--Ned R. McWherter, Governor of the State of Tennessee, and Charles Burson, Attorney General of the State of Tennessee.
 
 Adverse party (Respondent):
 
 23
 Planned Parenthood Association of Nashville, Inc.; Memphis Planned Parenthood, Inc.; and Peter Cartwright, M.D.
 
 
 24
 Accordingly, it is ORDERED that the question be certified to the Tennessee Supreme Court and forwarded to the Clerk of the Tennessee Supreme Court under Rule 23, Rules of S.Ct. of Tennessee.
 
 
 
 *
 The Honorable Robert E. DeMascio, Senior Judge, United States District Court for the Eastern District of Michigan, sitting by designation